TIBBETTS CORNER, INC., a corporation, *Appellant,* v. CASSIE ETHEL ARNOLD, individually, and CASSIE ETHEL ARNOLD, as administratrix of the estate of CAMPBELL ELMORE ARNOLD, deceased, WILLIAM L. VAN DYKE, and MARIE ELLIOTT VAN DYKE, his wife, FRED R. HENSLEY, J. R. CLARK, F. W. GREEN, CHARLES O. WILSON, and FIRST SAVINGS AND TRUST COMPANY OF TAMPA, a corporation, as trustee, *Appellees.*

146 So. 218.

En Banc.

Opinion filed February 8, 1933.

*C. Edmund Worth,* and *E. B. Drumright* and *Whitaker Brothers,* for Appellant;

*W. B. Dickenson,* for Appellees.

PER CURIAM.—Tibbetts Corner in Tampa, on which was located a two-story building, the first floor being divided into stores and the second floor into offices, was devised to Campbell Elmore Arnold by Samintha Campbell "for his use and benefit during his natural life and at his death to the heirs of his body and their heirs and assigns forever, if he should die without heirs to his body, then to my heirs forever." In the corner of the building on the ground floor, Tibbetts Brothers operated a candy store.

In 1921 Campbell Elmore Arnold leased Tibbett's Corner to William L. Van Dyke and Marie Elliott Van Dyke for ninety-nine years. In view of the provisions of the Will, as previously quoted, the question of whether or not Campbell Elmore Arnold held a life estate or a fee in said lands was at once raised and to settle this question there was incorporated a provision in the lease to the Van Dykes which required Arnold within a reasonable time to bring a suit in equity for the purpose of adjudicating his title. The lease further provided for the purpose of indemnifying the Van Dykes against any loss that might be sustained by them as a result of their being dispossessed of said lands at any time within fifteen years that Arnold should take out six policies of insurance in the sum of $5,000.00 each in some insurance company to be approved by the lessees and assign said policies as a trust fund to First Savings & Trust Company of Tampa as Trustee. It was further provided that in the event the lessees should be dispossessed

of the leased premises at any time within three years the full amount of the insurance should be forfeited to them, that should they be dispossessed at any time after three years but within six years, $25,000.00 of the proceeds of said insurance policies should be forfeited to them, that should they be dispossessed at any time after six years, but within nine years, $20,000.00 of the proceeds of said insurance policies should be forfeited to them, that should they be dispossessed at any time after nine years, but within twelve years, $15,000.00 of the proceeds of said insurance policies should be forfeited to them and that should they be dispossessed at any time after twelve years, but prior to fifteen years, $10,000.00 of the proceeds of said insurance policies should be forfeited to them.

Coeval with the execution of the lease, the lessees purchased the stock of goods, including retail candy store, cold drink, mercantile business and good will of E. C. and W. H. Tibbetts located and being conducted on a part of the leased premises and which they continued to operate for three years when they disposed of it. The lessees also incorporated Tibbetts Corner, Inc., the Appellants here, to whom they assigned their ninety-nine year lease. After disposing of the candy store they continued to sub-lease other portions of the leased premises on which they spent large sums improving and remodeling.

Campbell Elmore Arnold died in 1928 without having brought and prosecuted to final decree suit to adjudicate his title to the leased premises. After his death other heirs of the testator brought such a suit resulting in a decree holding that Arnold held only a life estate in them. That decree was affirmed by this Court in December, 1930, the effect of which was to abrogate the ninety-nine year lease of Tibbetts Corner, Inc.

After the final judgment adjudicating Arnold's title the Trustee under the lease, First Savings & Trust Company of Tampa, brought suit in equity praying advice and directions as to disbursement of the insurance funds held by it. The chancellor decreed payment of the entire fund except costs and attorney's fees to Tibbetts Corner, Inc., under the terms of the lease. That decree was on appeal reversed by this court holding in effect that the terms of the contract for liquidated damages could not be enforced, but that the plaintiff must allege and prove the damages actually resulting from its breach.

On the going down of the mandate, Tibbetts Corner, Inc., petitioned for inquisition of damages and moved to amend its answer, to allege and prove actual damages. The chancellor denied both motions and entered his final decree in favor of Arnold's administratrix, awarding the entire trust fund to her. Tibbetts Corner, Inc., appealed and the cause is again here for consideration on the motion of Arnold's administratrix to dismiss this appeal.

The motion to dismiss is first predicated on Section 2920 R. G S. of 1920, Section 4639 C. G. L. of 1927, the like rule having been made applicable to causes in chancery by Section 3173 R. G. S. of 1920, Section 4965 C. G. L. of 1927. These statutes authorize dismissal where appeal is taken for delay, against good faith or where error does not lie, such defects being revealed by a mere casual examination of the record. There is not sufficient showing for the application of that rule in this case.

It is next insisted that the motion to dismiss should prevail because of Section 4977, R. G. S. of 1920, Section 7066, C. G. L. of 1927 and because of the statute of limitations or non claims, being Section 3739 R. G. S. of 1920, Section 5611 C. G. L. of 1927—5600 C. G. L. of 1927, as

amended by Chapter 11994 Acts of 1927. Section 4977 R. G. S. of 1920, has reference to the disposition of the proceeds of life insurance but has no application in a case like this where the proceeds of the insurance have been pledged as a trust fund to secure creditors. The statutes of limitations or non claims does not apply because appellant is not a common creditor seeking to enforce a debt or demand against the estate of Campbell Elmore Arnold. Appellant is the beneficiary under a trust fund created by contract executed by the trustor for the benefit of Appellant against which the statute of non claims does not run. It is not amiss to state further that Section 2928 R. G. S. of 1920, Section 4648 C. G. L. of 1927, is not applicable.

The net result of our previous holdings in this case as recorded in 104 Fla. 545 140 So. 660 and 141 So. 608, is that under the contract pledging the proceeds of the insurance policies as a trust fund to indemnify the lessees against any loss sustained by them as a result of being dispossessed of the leased premises at any time within fifteen years, no damages can now be claimed on the basis of that part of said premises on which it operated the retail candy store as that has long since been sold and transferred to third parties, but that such damages as had accrued to the lessees from being dispossessed of the balance of the leased premises, if alleged and proven could be indemnified out of the trust fund.

This holding was grounded on Smith v. Newell, 37 Fla. 147, 20 So. 249 and Greenblatt v. McCall 67 Fla. 165, 64 So. 748, where we held that when a fixed sum is named to secure the performance of a contract containing stipulations of widely differing importance, for any of which the stipulated sum is excessive compensation, the designated sum may be regarded as a penalty. When the fixed amount

is in law a penalty, the plaintiff must among other essentials, allege and prove the damages actually resulting from the breach, and may not claim the specific sum fixed in the contract.

Under the terms of the lease contract brought in question, the trust fund created in the insurance policies was unquestionably provided to indemnify the lessees against any loss they might sustain from being dispossessed of the use of the leased premises prior to July 1, 1936, that is to say for fifteen years. There being nothing in the lease to the contrary we construe this to have reference to the leased premises as of the date of the execution of the lease.

Appellant contends that it has expended many thousands of dollars remodeling and improving the leased premises and that it is entitled to reimbursement for these improvements out of the trust fund. We do not think the lease contract supports this contention. It indemnifies against loss only in the event of being dispossessed within fifteen years. At the end of each three years one of the policies could be cancelled at the pleasure of the insured. Dispossession did not take place till after the expiration of nine years at which time only three of the policies were subject to terms of the trust. The trustor kept up the premiums on all the policies and as each three year period lapsed one policy passed from under the obligation of the trust. There was no specification in the lease against indemnity for loss of improvements and the very terms of the lease negative any such claim as Appellants contend for.

It is, therefore, our view that of the $20,000.00 and more held in the trust fund, $5,000.00 should be paid at once to Cassie Ethel Arnold, the wife of Campbell Elmore Arnold as provided by law and that the remaining $15,000.00 should be held by the trustee to pay such damages as Appellant may allege and prove that accrued to it from being

dispossesesd of the leased premises prior to the fifteen-year limit designated in the lease. Any amounts remaining in the hands of the trustee after the payment of such damages should also be paid to Cassie Ethel Arnold. This may be done by an inquisition of damages attempted in the court below. If the estate of Arnold is liable to the lessees in damages for remodeling and improving that question is not before us. We merely hold that such damages cannot be indemnified with the trust fund. Neither can speculative damages of other kinds be indemnified from said trust fund.

Motion to dismiss is denied. If any damages have accrued to appellants from being dispossessed of the leased premises an inquisition of damages may be made to determine same, otherwise the judgment below is affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur,

BROWN, J., dissents in part.

BROWN, J., (dissenting in part). I concur in the foregoing opinion except as to that portion relating to the character of damages recoverable by appellant as against the trust fund, accruing to it by reason of being dispossessed of the premises prior to the expiration of the fifteen year period. It seems to me that in arriving at the determination of this question, some allowance should be made to appellant for the moneys expended by it in making permanent improvements to the premises in question.