MATTIE H. COOEY and WALKER COOEY, Individually and as Administrators of Estate of W. M. Cooey, deceased, v. JULIA LEE COOEY.

182 So. 202.
Opinion Filed June 9, 1938.

*John H. Carter* and *John H. Carter, Jr.,* for Appellants; *James N. Daniel,* for Appellee.

BUFORD, J.—Bill of complaint was filed by Julia Lee Cooey against Mattie H. Cooey and Walker Cooey, individually and as Administrators of the estate of W. M. Cooey, deceased, in which it was alleged in substance that complainant was a daughter of W. M. Cooey; that during his lifetime her father made certain loans to Boards of Public Instruction of three Counties and that prior to his death he made gifts of the notes, due bills and warrants evidencing these loans and gave to plaintiff a $2,000.00 note made by the Board of Public Instruction of Bay County, Florida. It was alleged that the decedent caused the Board of Public Instruction of Bay County to issue a note payable to the plaintiff of $2,000.00 but the note was not actually delivered to plaintiff but was retained by her father so that he collected the interest thereon from time to time; that it was the intention of her father to make a gift of the principal to her and she accepted the same; that at her father's death the defendants took charge and possession of his papers and personal assets, including this note and were

contending that the note was an asset of the estate; that the said note was not included in the inventory of the personal property. It was also alleged that the decedent had openly declared and stated that he had given the note for $2,000.00 to the plaintiff and the plaintiff claimed either a valid gift or the execution of a trust in her favor and that the facts and circumstances showed a valid trust in favor of plaintiff with delivery of the note to her father, W. M. Cooey, as trustee. There are certain other allegations as to necessity for discovery. The prayer was that the Court would require the production of the original note and decree that the plaintiff was the owner of it and entitled to its possession; that if for any reason the defendants were unable to deliver the note that judgment be entered against them as individuals and as representatives of the estate. On June 2, 1936, the defendants answered the bill, each representative filing a separate answer. The administrator, Walker Cooey, answered that he was without knowledge as to whether a gift of the note for $2,000.00 was made to the plaintiff and admitted that it was not inventoried as an asset of the estate. The administratrix, Mattie Hester Cooey, widow of the decedent and stepmother of the plaintiff, denied that the deceased intended a gift of the note to the plaintiff and claimed that before his death, W. M. Cooey gave the note to the defendant as his wife and that she was to have the note and claimed a valid gift to her. She further denied that she has ever contended that the note was an asset of the estate and contended in her answer that the note was her property but she says that if her contention is not sound the note would then be an asset of the estate. A copy of the note is in the transcript.

In September, 1936, a second amendment was filed to the original answers setting up that the defendants were appointed administrator and administratrix on June 26, 1934,

and forthwith published notice to creditors and the plaintiff did not within eight months from the first publication, or at any other time, file in the office of the County Judge her claim for the amount of the note, or for the note, and that, therefore, her claim is void. The plaintiff moved to strike this amendment on the grounds that plaintiff was not required to file a claim on this note, that the statute of non-claim is not applicable, that the defendants do not claim the note as an asset of the estate. The Court granted this motion as shown by supplement to the transcript. Thereafter testimony was taken and a final decree was rendered finding the equities to be with the plaintiff and that she is the owner of and entitled to the possession of the note and that the defendants should surrender it to her and pay the costs of the suit.

The only question for our determination is whether or not the complainant's right to the relief prayed is barred by the non-claim statute.

Appellant relies on the statute, Sec. 120, of Florida Probate Act of 1933 which is as follows:

"Section 120. FORM AND MANNER OF PRESENTING CLAIMS—LIMITATION.—No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the County Judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the

notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; provided, however, that the lien of any duly recorded mortgage and the lien of any person in possession of personal property and the right to foreclose and enforce such mortgage or lien shall not be impaired or affected by failure to file claim or demand as hereinabove provided, but such failure shall bar the right to enforce any personal liability against the estate, and the claimant shall be limited to the enforcement of the mortgage or lien against the specific property so mortgaged or held.

"Nothing herein contained shall be construed to require any legatee, devisee or heir at law to file any claim for the share or interest in the estate to which he may be entitled."

The question is based on the order granting complainant's motion to strike defendant's answer pleading the statute of non-claim, *supra.*

The appeal is from final decree. The decree recites:

"This cause coming on to be heard on final hearing upon the pleadings and evidence and the Court having considered the same and heard the argument of counsel for the respective parties, and being now advised of its opinion, it is" * * *

The testimony does not appear in the transcript.

The allegations of the bill of complaint and of the answers were sufficient to show that the complainant, if entitled to the note in any event was entited to it as *cestui que* trust. None of the parties in the final analysis interposed to it as *cestui que* trust. None of the parties in the final analysis interposed the contention that the note was an asset of the estate of W. M. Cooey, deceased. The allegations of the bill of complaint are sufficient to show that the equitable

title to the note was in the complainant, that it was made payable to her in the first place and was held by her father in trust for her only because he retained the possession of the note for the purpose of collecting and retaining as his own the interest as it accrued. We must assume that the proof supported the allegations of the bill but with this we are not now concerned.

That a trust may be created and the benefits and obligations incident thereto may arise out of transactions such as are involved here has been held in many jurisdictions. In Harris Banking Co. v. Miller, 190 Mo. 640, 89 S. W. 629, 1 L. R. A. (N. S.) 790, it was held:

"A valid, executed trust is established by depositing a fund in bank and, upon advice as to the method of transferring the fund to the *cestui que* trust, taking back and endorsing to him a certificate of deposit, and then notifying the bank and *cestui que trust that* the certificate is held by the depositor for the latter, although the depositor retains the right to use the income during life." See also exhaustive note following.

In Dewey, *et al.*, etc., v. Barnhouse, 83 Kan. 12, 109 Pac. 1081, 29 L. R. A. (N. S.) 166, it was held:

"Where a donor decides to give to another a certificate of shares in a building and loan association, and to make the payments thereon for the donee until maturity, and then causes such certificate to be issued in the name of the donee, retaining possession thereof himself, and makes the subsequent payments thereon in the name of the donee, but at all times regards the certificate as the property of the donee, and his possession as holding in trust for such donee, the delivery to himself as trustee of the donee will be held sufficient to complete the gift."

In Sayre v. Weil, 94 Ala. 466, 10 Sou. 546, it was held:

"Defendant deposited money in a bank to the credit of himself as 'trustee for G. children.' He testified that he deposited the money from time to time for the last 10 or 15 years as a gift to those children. Held, that the trust was irrevocable, nothing remaining in defendant but the naked legal title."

See also Pohl v. Fulton, *et al.,* 86 Kan. 14, 119 Pac. 716; Abegg v. Hirst, 144 Iowa 196, 122 N. W. 838, 138 A. S. R. 285; Bath Savings Inst. v. Hawthorn, 88 Med. 122, 51 A. S. R. 382, and cases cited.

So the allegations of the bill being sufficient to show the creation of a trust, the note being the subject of the trust, W. M. Cooey being the trustee and Julia Lee Cooey being the *cestui que,* when Cooey died and his administrators took possession of the corpus of the trust they by operation of law held the same as successor trustees. See Dunscombe v. Smith, 127 Fla. 797, 174 Sou. 37, wherein we held:

"Provision that 'receiver shall pay all money received by him to State Treasurer to be held as a special deposit for use and benefit of creditors subject to order of Comptroller' does not apply to moneys received by receiver as acting trustee, since provision clearly applies to funds in which creditors of defunct banking institutions have interest, since creditors can have no interest in funds accruing from trust estates held by defunct bank in trust capacity (Comp. Gen. Laws 1927, Sec. 6102)."

"Where bank deposited certain securities to be held by trust department of bank for bank's depositors, money collected from such securities by liquidator of bank and commingled with bank's funds as a banking institution was not held by bank on insolvency as debtor but was held in trust for depositors, so as to entitle them to preference over those having common claim."

"Liquidator, as trustee *ex officio* of bank with trust department, was not required to file claim to trust fund, as trustee, with himself as liquidator, within one year of his appointment in order to prevent barring of claims of beneficiaries of trust fund. (Comp. Gen. Laws 1927, Sec. 6104)."

This brings us to the final matter of determining whether or not the statute of non-claim is applicable to the corpus of a trust in the present possession of the trustee and capable of present identification. Such statute was held not to be applicable to the fund in the case of Dunscombe v. Smith, *supra;* and in that case we followed the rule stated in Bloxham v. Crane, 19 Fla. 163, as to the statute of limitations.

In 24 C. J. 334, 335 956, it is said:

"The statutory requirement of presentation does not apply to the claims of a *cestui que* trust for whom decedent was trustee so long as the trust fund or property can be traced and the trust enforced by suitable proceedings; but where the fund or property cannot be traced and the *cestui que* trust seeks redress as a general creditor of the estate, he must present his claim."

Numerous authorities are cited which abundantly support the text. The California cases there cited leave no doubt as to the soundness of the rule in reason and justice.

The answer stricken set up no available defense under the factual condition shown to exist and, therefore, no reversible error was committed in striking same.

The decree is affirmed..

So ordered.

WHITFIELD, TERRELL, BROWN and CHAPMAN, J. J., concur.