## Van Sciver, Appellant, v. Van Sciver.

· Argued January 16, 1940.  Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Edward Davis,* for appellant.

*George P. Orr,* of *Orr, Hall & Williams,* with him *Madison S. DuBois,* for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 25, 1940:

This controversy is presented on a case stated.  It arises out of a separation and maintenance agreement between husband and wife executed on July 15, 1926. They have been divorced since September 24, 1926.  The point at issue is whether under the terms of the agreement the husband is indebted to the wife, and, if so, in what amount.  The court below determined he was not indebted to her.  This led to an appeal to us by the wife.

The agreement provides that the husband will pay to the wife within thirty days from its date $2,000 in cash and also $400 per year during life or until she remarries. Then comes the clause 3-c, out of which the disputed questions arise: "Within thirty days from the date hereof the husband will lawfully execute with such a bank or trust company, as may be mutually agreed upon by the parties hereto, a trust agreement, and shall deliver to the said bank or trust company as trustee for the Wife, such securities, including stock in the Van Sciver Corporation (a Pennsylvania Corporation); Hainesport Mining and Transportation Company (a New Jersey Corporation); and The Keystone Telephone Company (Inc.), as will yield an annual income to the wife of approximately three thousand dollars per year at present values, together with all accrued but unpaid interest, dividends or profits."

The agreement further set forth that the trustee should hold the property as trustee for the wife and pay her "the income, interest, dividends and profits" during her life whether she remarried or not and upon her death to pay "the income, interest and profits" to the husband for the two children of the parties until they reach the age of twenty-five years and when they reach such age, in case of the prior death of the wife, the trustee shall pay to each one-half of the corpus, should the wife survive both children and they die before reaching twenty-five, then upon her death the principal of the trust is to be paid to the husband. There is a further clause not particularly taken into account by the court below, which we think of some importance in construing the writing which provides: "The wife does and shall accept the provisions herein made for her in full satisfaction for her support and maintenance, and for the support and maintenance during the time herein provided for of the children, and she hereby covenants and agrees that so long as the Husband shall duly keep and perform the covenants, agreements and

conditions to be kept and performed by him hereunder, she will not, at any time hereafter, contract any debts, charge or liability, whatsoever, for which the Husband or his property or estate shall or may be or become liable or answerable, and the Wife hereby covenants and agrees that she will at all times hereafter, *so long as the Husband shall make the payments herein provided for*,[1] keep the Husband free and harmless from any and all debts or liabilities which may hereafter be incurred by the wife."

The questions submitted for determination are: (1) Is plaintiff entitled to the difference between $3,000 per annum and the amounts received by her? (2) Is any part or all of the claim barred by the statute of limitations? Plaintiff first made demand on July 21, 1938, for the moneys alleged to be due.

The position of the husband is that having deposited securities yielding $3,000 annually at the time with the trustee, he is not liable further to the wife or his children, irrespective of whether they produced that income in subsequent years and that the wife's endorsement on the trust agreement with the National Bank of Commerce confirms this position. That endorsement reads: "I hereby approve the provisions of the foregoing Trust Agreement and accept same as a full and complete performance of the terms of Paragraphs 3-c and 4 of a certain agreement between J. Howard Van Sciver and myself, dated July 15, 1926, and accept all the benefits of the said Trust under the terms and conditions of said agreement." (Paragraph 3-c is heretofore quoted and paragraph 4 provides for the incidents of the trust.)

The paramount purpose of the agreement was to provide an income for the wife and children. Had the deposited stocks yielded no income at all in years subsequent to their deposit, we think it would not be contended and could not successfully be that the wife and

---

[1] Italics supplied.

children lost all claim to support. In no year did the income reach $3,000. In some it fell almost $1,000 short, in 1933 more than that. In 1937, it amounted to $2,018.41. It does not appear what it was in 1938, the year in which it is recited demand was made for the deficiency. Appended to the deed of trust is an exhibit showing the expected yearly income from each of the stocks deposited, the aggregate of which is $3,000.

Eliding the names of the particular stocks set forth in paragraph 3-c, it reads: "and shall deliver to the said bank or trust company as trustee for the Wife, *such securities, . . . as will yield an annual income to the Wife of approximately three thousand dollars per year*[2] at present values." This negatives the idea that only stocks which at the time the agreement was executed were yielding $3,000 were to be deposited, and indicates that when the income fell below this, other or additional securities were to be deposited which would produce the required income. Other language of the agreement heretofore quoted indicates this.

Nor do we think the wife's endorsement on the trust agreement bars her rights. She approves its provisions and as between her and the trust company accepts it as a performance of the terms of paragraphs 3-c and 4. These paragraphs, for the reasons heretofore given, do not work an acquittance to the husband of anything further to be done by him.

We now come to the question of what the wife can recover. Her income was not fixed definitely at $3,000, but at approximately that sum. Approximately means "reasonably near to." No demand was made until July 21, 1938. We think it may be fairly concluded that in those years down to 1932, in which the income did reasonably approximate $3,000, acquiescence may be presumed; but in the succeeding ones, where there was a deficiency of much larger sums, the wife should be awarded the deficiency.

---

[2] Italics supplied.

It is argued by appellee that the alleged breach of the contract was at the date of the execution of the trust in 1926, more than six years before suit, and, therefore, it cannot be maintained. As it is a continuing contract, the statute of limitations does not apply (37 C. J. 853) at least as to the sums due within six years.

Much point is made in the briefs about the meaning of the words "at present values" in paragraph 3-c. It is argued by appellee that they mean "at present yield." We think they cannot be so held. Their meaning is not altogether clear, but our conclusion is that they mean at the present values of securities when they are deposited.

The judgment is reversed, with direction to the court below to enter judgment in plaintiff's favor in accordance with this opinion.