DORA SEWELL, a feme sole, v. SEWELL PROPERTIES, INC., whose corporate name was formerly Sewell Hotel Corporation, a Florida Corporation, and MARY A. GINN, a sole surviving director and trustee for E. G. Sewell Company, Inc., a dissolved Florida Corporation, SIBELLE REID, as Executrix of Estate of Adelle M. Sewell, deceased and SIBELLE REID, individually, ARTHUR A. WAITE, GEORGE S. REID and CARL T. HOFFMAN.

30 So. (2nd) 361                                          June Term, 1947
June 27, 1947                                                Division B

*Knight, Underwood & Cullen,* for appellant.

*Hoffman & Durant, Carl T. Hoffman, N. J. Durant* and *George C. McCaughan,* for appellees.

BUFORD, J.:

The appeal brings for review final decree dismissing amended bill of complaint. The allegations of the bill of complaint are sufficient to show that one Herbert Sewell, father of the plaintiff Dora Sewell, died on April 10, 1910, leaving a last will and testament which provided:

"It is my will that all my just debts be paid out of my estate; I give, bequeath and devise to my brother, E. G. Sewell of Miami, Florida, all of the real and personal property, of which I may die seized and possessed, of whatever kind and description and wherever same may be situated, in trust, however, for the use and benefit of my children Dora Sewell and George L. Sewell to be kept and used for their support and maintenance, and distribution among them, when they shall attain their majority, share and share alike—it is also my will, and I hereby appoint my said brother E. G. Sewell the Executor of this my last will and testament, to qualify without bond or security, and with full power to sell and dispose of any property, real, person [al] or mixed, of my said estate, at either public or private sale, without order of any court."—

and at the time of his death Herbert Sewell owned considerable property which is described in the bill of complaint. That after the death of Herbert Sewell, E. G. Sewell qualified as Executor of the estate of Herbert Sewell but that he never filed any appraisal, report or other matters in the probate court where the will was probated; that he took into his control and possession all of the property of the estate of Herbert Sewell and thereafter handled and treated the same as if it were his own property; that at the time of the death of her father Dora Sewell was a girl 17 years of age; that she had implicit confidence in her uncle, E. G. Sewell, and that E. G. Sewell represented to her that her father left no estate and that such sums of money as he delivered to Dora Sewell he represented and presented to be gifts and donations from himself. That E. G. Sewell two days before his death, which occurred on April 2, 1940, deeded to Dora Sewell a parcel of land in Palm Beach County alleged to have been worth not more than $3000.00 and represented to Dora Sewell that he was deeding her this property as a gratuity and as a fulfillment of a mere moral obligation as her Uncle to care for her and to assist her.

It is further alleged in effect that George L. Sewell, son of Herbert Sewell, died intestate and without issue several years prior to the death of E. G. Sewell and that Dora Sewell thereupon became the sole heir and sole beneficiary of the estate of Herbert Sewell.

It is further alleged that just a few days before the death of E. G. Sewell he conveyed and gave to his then wife Adele M. Sewell all of the property and proceeds of the property which he held in trust from the estate of Herbert Sewell and that thereupon Adele M. Sewell became the successor-trustee of the estate and property of Herbert Sewell, holding the same for the benefit of Dora Sewell; that Adele M. Sewell, the widow of E. G. Sewell, died intestate on November 24, 1941 at which time she held the property and proceeds of the property of the estate of Herbert Sewell in trust for Dora Sewell. That shortly after the death of Adele M. Sewell plaintiff Dora Sewell discovered for the first time the facts and conditions of the estate of her father and of her rights and interests there-

in and thereupon on July 18th, 1942 Dora Sewell filed her claim in the probate court against the estate of Adele M. Sewell; that the corpus of the estate which E. G. Sewell held in trust under the will of Herbert Sewell, a few days before his death he fraudulently conveyed and transferred in contemplation of his death, to his wife Adele M. Sewell in order to prevent the said trust from being administered as a part of his estate and prevent the plaintiff from knowing of the existence of said trust and to deprive her of the opportunity of tracing any of said trust funds; that during the lifetime of E. G. Sewell he created certain corporations made parties defendant in this suit, which corporations were merely the alter ego of E. G. Sewell; that these were personal holding corporations into which the corpus of the trust and the funds resulting from the use, manipulation and investment and re-investment of said trust funds went, and that the stock in these corporations constituted a part of the property set over and transferred to Adelle M. Sewell by E. G. Sewell shortly prior to his death.

Under these allegations we must hold that the bill of complaint contained equity and that the plaintiff is not barred by laches or by the statutes of non-claim from receiving the benefits of the trust. This is true because trust estates are definitely the wards of equity and equity delights in protecting the trust and in requiring the trust to render true and honest accounting to his cestui. See Goldring v. Herskovitz, 126 Fla. 804, 172 So. 239; Safford v. McCaskill, 157 Fla. 133, 25 So. (2nd) 210. Equity will follow the property constituting the trust even if the same has been converted into other species of property. (Frank P. Gale et ux. v. Charles S. Harby et al., 20 Fla. 173) and this right will remain and continue enforceable so long as the property has not passed into the hands of a bona fide purchaser for a valuable consideration. Glidden v. Gutelius, 96 Fla. 834, 119 So. 140. When one without consideration takes trust property by deed or assignment from the trustee and not for the purpose of carrying out the provisions of the trust, such vendee or assignee so taking becomes the successor-trustee and is charged with the duty to account to the cestui. Cooey v. Cooey, 132 Fla. 716, 182 So.

574

202. Where the trust by fraud or deception, or even by keeping quiet when he should speak and account to his cestui, causes the cestui to be ignorant of the rights of the cestui and of the duties of the trustee, laches will not be imputed to the cestui until discovery of the true condition. Lee v. Patten, 34 Fla. 149, 15 So. 775; Walker v. Landress 111 Fla. 356, 149 So. 545; Smith v. Reddick, 113 Fla. 20, 151 So. 274; Fort Pierce Bank & Trust Co. v. Sewell, 113 Fla. 811, 152 So. 617.

The statute of non-claim (Sec. 733.16 Fla. Statutes 1941 (same F.S.A.) does not apply so as to require a cestui to file a claim against the estate of the trustee to be entitled to recover the property of the trust estate because the trust property was not an asset of the decedent's estate. Bloxham v. Crane, 19 Fla. 163, Dunscomb v. Smith 127 Fla. 797, 174 So. 39; Bourne v. State Bank of Orlando and Trust Co., 106 Fla. 46, 142 So. 810; Tibbetts Corner v. Arnold, 108 Fla. 239, 146 So. 219.

The allegations of the amended bill of complaint are sufficient to state grounds for equitable relief and, if proved, will entitle the plaintiff to the relief prayed.

So the decree should be reversed with directions that the cause be reinstated and further proceedings be had not inconsistent with the views here expressed.

So ordered.

THOMAS, C. J., ADAMS, J., and KANNER, Associate Justice, concur.