82 So.2d 885 (1955)
Bertha HODGES, as Executrix of the Last Will and Testament of Willie Mae Priest, deceased, Petitioner,
v.
Mary Priest LOGAN, as Executrix of the Last Will and Testament of William J. Priest, deceased, Respondent.
Supreme Court of Florida. Special Division B.
September 28, 1955.
Rehearing Denied November 7, 1955.
Scruggs & Carmichael, W.N. Avera, Gainesville, Cody Fowler of Fowler, White, Gillen, Yancey & Humkey, Miami, for petitioner.
Goldstein & Goldstein, Jacksonville, for respondent.
THORNAL, Justice.
This case was before the Court on a prior appeal. See Priest v. Logan, Fla. 1955, 76 So.2d 883.
The first appeal was brought here by Willie Mae Priest then living who was defendant in a declaratory judgment proceeding brought by Mary Priest Logan, as Executrix of the Last Will and Testament of William J. Priest, deceased. In that case Mrs. Logan requested the Circuit Court to construe an inter vivos agreement between the late William J. Priest and his then wife Willie Mae Priest. Admittedly this agreement which was executed on January 6, 1939 was in the nature of a property settlement incident to divorce, the parties having been married in 1907. In substance it was provided that the title to certain property described in the agreement was held by William J. Priest and that he would retain the use thereof during his lifetime. Affidavits in the record indicate also that the settlement agreement was in the nature of a division of property acquired during coverture through the joint efforts of the parties although title was taken in the name of William J. Priest, the husband. It further provided that if he predecease the said Willie Mae Priest, then "said properties, *886 immediately upon the death of the said husband [William J. Priest] shall thereupon become vested in the wife, in fee simple, absolute, * * *" If Willie Mae Priest predeceased William J. Priest, then at her death his title to the property would be free and clear of the agreement. There were provisions against encumbrance during the lifetime of said Willie Mae Priest. The agreement was promptly recorded.
The record on the former appeal further showed that on August 13, 1949 William J. Priest and Willie Mae Priest entered into a lease which recited "said property settlement and agreement dated January 6, 1939" and which lease provided in effect that a part of the real estate described in the property settlement agreement was leased by Willie Mae Priest to the estate for a period of 10 years beginning upon the date of the death of the said William J. Priest. It was further provided that from August 1, 1949 until his death, the said William J. Priest would pay to Willie Mae Priest the sum of $100 per month as rental for the property.
Subsequent to his divorce from Willie Mae Priest, William J. Priest married Mary Priest, now Mary Priest Logan. William J. Priest died on April 25, 1952, leaving a Last Will and Testament bequeathing the bulk of his estate to his widow Mary Priest (now Logan) who was also appointed Executrix thereof.
In the original proceeding the Circuit Judge entered a summary judgment in which he found among other things that "the agreement being executory, and William J. Priest having failed to effectually consummate it by Will or by deed during his lifetime, the same might now be enforced upon a proper application by the defendant [Willie Mae Priest]." It was also held that the agreement was not effectual as a deed, Will or otherwise to vest title in Willie Mae Priest but "it is an executory contract, subject to being enforced by the defendant upon a proper application". By the same decree the trial judge held "said property can be considered as an asset of the estate of William J. Priest, deceased, only as subject to the rights of the defendant Willie Mae Priest under the said agreement, as herein declared". The trial judge retained jurisdiction over the parties and the subject matter "in order to entertain such further proceedings herein as may be proper." On the former appeal this Court affirmed the judgment of the trial Court noting the retention of jurisdiction provision and stating: "We deem it appropriate to observe that we construe this retention of jurisdiction proviso to mean that the learned Circuit Judge sitting as Chancellor will consider any and all equitable claims which appellant [Willie Mae Priest] may appropriately present to him." (Emphasis ours.) The case was originally on the law side of the Court.
Pending the former appeal and apparently pursuant to the provision of the declaratory judgment, Bertha Hodges, as Executrix of the Last Will and Testament of Willie Mae Priest, who died during the proceeding, then filed her complaint on the Chancery side of the Court asking that she be decreed to have an equitable title in the properties described in the agreement, the legal title to which remained in William J. Priest during his lifetime. She had contended for an equitable title on the first appeal and it was pursuant to this contention that this Court in its opinion construed the original declaratory judgment as amounting to a retention of jurisdiction in order to consider the equitable claim of Willie Mae Priest on the Equity side of the Circuit Court.
By a motion to dismiss which is more nearly in the nature of an answer than a true motion to dismiss, but which is not objected to on this ground by the present petitioner, Mary Priest Logan, as Executrix, sought a dismissal of the chancery complaint of Bertha Hodges, as Executrix, on the ground that neither she nor her testatrix had filed a claim against the estate of the late William J. Priest in accordance with the provisions of allegedly applicable Florida Statutes of Non-Claim. This was the first time that the Statute of Non-Claim was presented in any of the litigation.
*887 The Chancellor agreed with the position of Mrs. Logan, as Executrix, and dismissed the complaint because no claim had been filed against the estate of William J. Priest, but again included in his order the following, to wit:
"The Court reserves jurisdiction over the subject matter and parties to this cause for the assessment of costs and for the adjudication of said petition for supplemental relief."
We understand from the record that the petition for supplemental relief involves a request for accounting and final financial settlement between the parties. Bertha Hodges, as Executrix, who was plaintiff below and is now petitioner here, challenges the order of the Chancellor sustaining the motion to dismiss by a petition for writ of certiorari, contending that the order was erroneous in that the late Willie Mae Priest enjoyed the equitable title to the property in question; that the property settlement agreement and lease between the late William J. Priest and Willie Mae Priest created a resulting trust with Willie Mae Priest as the beneficiary; that it was not necessary to file a claim against the William J. Priest estate for the reason that the property involved was trust property and did not become an asset of his estate for the benefit of creditors; and further that her equitable title to the property could be traced directly into the specific property standing in the name of William J. Priest at the time of his death, and that this equitable right was reserved to her by the declaratory judgment which was affirmed by this Court and was specifically recognized by the opinion on the former appeal.
Respondent contends the opposite, and further asserts that the decree of the Chancellor was final and, therefore, should be attacked by direct appeal instead of by petition for writ of certiorari and that the time for direct attack has expired hence, she asserts, the petition should be denied.
We encounter no difficulty in holding that petition for writ of certiorari is the proper procedure for attacking the decree of the Chancellor. We have pointed out above that by the decree the Chancellor specifically retained jurisdiction to adjudicate supplemental relief. Obviously the judicial labor was not completed by the entry of the decree under attack, and therefore the proper method of bringing the alleged errors to this Court is by petition for writ of certiorari. See Cone v. Benjamin, 142 Fla. 604, 195 So. 416, and Russell v. Thielen, Fla., 82 So.2d 143.
By the motion to dismiss, which was granted, the respondent presented the contention that the "claim" relied upon by the petitioner was not filed in the probate court against the estate of William J. Priest, deceased, in accordance with the requirements of Section 733.16, Florida Statutes, F.S.A. Whether the claim was required to have been filed by this statute is the crux of the problem presented to this Court.
The equitable nature of petitioner's claim has consistently been recognized by the Circuit Judge and by this Court on the first appeal. The original declaratory judgment proceeding terminated with the finding by the Circuit Judge that the real estate involved could be considered as an asset of the William J. Priest estate only as subject to the rights of Willie Mae Priest. It was contended on the first appeal that the petitioner's testatrix had an equitable title to the property. This Court sustained the Circuit Judge with the understanding that sitting as a Chancellor he would consider any and all "equitable claims" which Willie Mae Priest may appropriately present.
We point out that petitioner seeks to establish her equitable rights in specific identifiable property which is easily separable from the corpus of the William J. Priest estate. It has not lost its identity and no rights of third parties have intervened. The original declaratory judgment of the Circuit Judge as affirmed by this Court has become the law of the case and is now applicable in settling the rights of the parties. The respondent here, who was appellee in the first appeal, filed no cross-assignments *888 of error to the ruling of the Circuit Judge that the property passed to the William J. Priest estate "only as subject to the rights" of Willie Mae Priest. In our opinion we recognized them to be equitable rights.
In 33 C.J.S., Executors and Administrators, § 118, p. 1073, it is stated:
"Property which a decedent held as trustee or in any other fiduciary capacity does not at his death properly constitute part of his estate; title to the property may pass to decedent's heirs or personal representatives, but it does so clothed with the fiduciary obligation. Such property cannot be charged with the debts of decedent, or with the expense of administering the estate. The fact that the fiduciary treated the property as his own does not alter the rule; so decedent's wrongful act in selling trust property does not make the proceeds of the sale part of his estate."
The principle underlying the above stated rule was recognized by this Court in Pyle v. Pyle, Fla. 1951, 53 So.2d 312, 314, where we held that a decedent's widow was not required to institute administration proceedings on his estate before bringing suit to enforce a resulting trust in her favor in the property purchased by the decedent during his lifetime with her money. We specifically held that "Property held in trust does not become, on the death of the trustee, assets of his estate."
To the same effect in Sewell v. Sewell Properties, 159 Fla. 570, 30 So.2d 361, 363, we held:

"The statute of non-claim (Sec. 733.16, Fla. Statutes 1941, same F.S.A.), does not apply so as to require a cestui to file a claim against the estate of the trustee to be entitled to recover the property of the trust estate because the trust property was not an asset of the decedent's estate." (Emphasis ours.)
In Tibbetts Corner v. Arnold, 108 Fla. 239, 146 So. 218, 219, we likewise held:
"* * * The statutes of limitations or non-claims does not apply because appellant is not a common creditor seeking to enforce a debt or demand against the estate of Campbell Elmore Arnold. Appellant is the beneficiary under a trust fund created by contract executed by the trustor for the benefit of appellant against which the statute of non-claims does not run. It is not amiss to state further that section 2928, R.G.S. of 1920, section 4648, C.G.L. of 1927, is not applicable."
To the same effect see Cooey v. Cooey, 132 Fla. 716, 182 So. 202; 34 C.J.S., Executors and Administrators, § 398, p. 165, and Orr v. St. Louis Union Trust Co., 291 Mo. 383, 236 S.W. 642.
We have examined Section 733.16, Florida Statutes, F.S.A., in the light of the 1945 and 1947 amendments in view of the contention of the respondent that these amendments restricted the rules announced in the above cited cases to the point that the rules no longer exist. We cannot agree with this contention. We find nothing in the recent changes in Section 733.16, Florida Statutes, F.S.A., that in any way overrules the decisions of this Court in the cases above cited. In fact, the rule announced by this opinion is greatly strengthened by a consideration of Section 733.19, Florida Statutes, F.S.A., as amended in 1945, which Mr. Redfearn in his comprehensive work on Wills and Administration of Estates in Florida (2nd Edition) at page 496, interprets to mean that "* * * claims to specific property, real or personal, may be enforced as to the property encumbered or claimed, whether or not claims based on them are filed against the estate".
We therefore hold that under the law of the case obtaining in the matter before us and under the facts appearing in the record, the petitioner is entitled to have her claim to the specific property involved considered by the Chancellor as an equitable *889 claim against such specific property even though there has been no effort to meet the requirements of Section 733.16, Florida Statutes, F.S.A. On further consideration of this cause if it should be made to appear that the testatrix of the petitioner was the beneficiary of a resulting trust, then her equitable title may be adjudicated absent a prior filing of the claim against the estate of William J. Priest.
The petition for certiorari is granted and the decree appealed from is hereby quashed.
DREW, C.J., and SEBRING and HOBSON, JJ., concur.