88 So.2d 912 (1956)
JEANNE BRIDGE VAN SCIVER, APPELLANT,
v.
MIAMI BEACH FIRST NATIONAL BANK, A BANKING CORPORATION, AS EXECUTOR AND TRUSTEE OF THE ESTATE OF J. HOWARD VAN SCIVER, DECEASED, APPELLEE.
Supreme Court of Florida, Special Division B.
July 18, 1956.
*913 Padgett & Teasley, Miami, for appellant.
Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellee.
ROBERTS, Justice.
The controlling question here is whether the claim of a former wife against the estate of her deceased ex-husband, arising out of a separation and trust agreement executed prior to their divorce, is required to be filed in the manner and within the time specified by Section 733.16, Fla. Stat. 1955, F.S.A., for claims against the estates of decedents.
Specifically, the plaintiff claimed a right to be reimbursed out of her deceased exhusband's estate in an amount equal to the difference between the sum of $3,000 (as specified in the separation agreement) and the annual income of a trust established in her favor by her deceased ex-husband pursuant to the terms of their separation agreement. The husband paid the deficiency each year prior to his death, as required by a decree of a Pennsylvania court, see Van Sciver v. Van Sciver, 337 Pa. 390, 12 A.2d 108; and the defendant, as executor of his estate, paid to plaintiff the amount of the deficiency that accrued during the last year of the decedent's life. No claim for the deficiency for the year following his death was made by the plaintiff until after the expiration of the eight-month period prescribed by Section 733.16, supra. Her suit against the executor to recover the claimed deficiency was dismissed by the lower court on the grounds that (1) the obligation did not survive the death of the decedent, and (2) the claim was barred because not filed in the Probate Court within the eight-months period specified by Section 733.16, supra. Plaintiff has appealed.
*914 Assuming, arguendo, that the obligation is one that is binding upon the executor of the decedent's estate, we think the order of dismissal was properly entered on the second ground stated therein. It is true that the obligation to pay the deficiency is a "continuing contract," as found by the Pennsylvania court in Van Sciver v. Van Sciver, supra, 12 A.2d 108; but the obligation remains a purely contractual one arising out of the promise voluntarily made by the decedent during his life with the intention of binding his executor after his death. Without such a contractual obligation, the plaintiff would have had no claim at all, since any right to support arising out of the pre-existing marital status would have been extinguished upon the death of the husband. Allen v. Allen, 111 Fla. 733, 150 So. 237. Accord: Guinta v. Lo Re, 1947, 159 Fla. 448, 31 So.2d 704, as to support money for children awarded by a divorce decree.
Counsel for plaintiff has cited no case in which it has been held that a former wife, suing on such an agreement, is in any better position than any other creditor of the decedent's estate, and we have found none. This court has said, however, that as a general rule "property settlement agreements are no different from other agreements in their legal aspects," Haynes v. Haynes, Fla. 1954, 71 So.2d 491, 493, and we have also stated that a claim for alimony that accrued during a deceased husband's lifetime, must be collected from his estate "in the manner and by the method provided by law for the enforcement of any other claim or demand against the estate of a decedent." Blocker v. Ferguson, Fla. 1950, 47 So.2d 694, 697. See also In re Goeckel's Estate, 1938, 131 Pa.Super. 36, 198 A. 504, where it was held that a surviving wife claiming under an antenuptial agreement occupies the status of a creditor and must present her claim against her deceased husband's estate as any other creditor.
Nor does the contingent nature of the plaintiff's claim remove her from the bar of the statute, Section 733.16, supra, which specifically applies to any "claim or demand, whether due or not, direct or contingent, liquidated or unliquidated". A "contingent claim" within the meaning of this section is one where the liability depends on some future event, which may or may not happen, which renders it uncertain whether there ever will be a liability. Such a claim must be filed within the statutory period, as any other claim. American Surety Co. of New York v. Murphy, 151 Fla. 151, 9 So.2d 355.
The fact that the defendant had knowledge of the claim will not relieve the claimant from presenting it within the statutory period, since the statute provides that a claim not so filed is void "even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; * * *" Cf. State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 140, 133 So. 876, 78 A.L.R. 1119. We have also considered the plaintiff's contention that she was not required to file a claim under the rule of Sewell v. Sewell Properties, 159 Fla. 570, 30 So.2d 361, that a beneficiary is not required to file a claim against the estate of a deceased trustee. We find none of the elements of a trust in the claim here sued upon. The Pennsylvania Court, in Van Sciver v. Van Sciver, supra, 12 A.2d 108, held merely that the plaintiff's former husband was "indebted" to her for the deficiencies accruing within six years of the date of her suit against him to recover them. And even if it be assumed that plaintiff has some equitable right to proceed against her deceased husband's estate, as distinguished from her legal right under the separation agreement, there is still no equitable right in specific identifiable property which is easily separable from the corpus of the decedent's estate, such as was upheld by this court in Hodges v. Logan, Fla. 1955, 82 So.2d 885, although the claimant there did not comply with Section 733.16, supra. See also Cooey v. Cooey, 132 Fla. 716, 182 So. 202, 205, *915 approving the rule that "`where the fund or property cannot be traced and the cestui que trust seeks redress as a general creditor of the estate, he must present his claim.'"
Since the plaintiff's claim, even if it survived, was required to be filed within the time specified by the statute, there was no error in dismissing her complaint; and the decree appealed from is, accordingly,
Affirmed.
DREW, C.J., THOMAS, J., and CARROLL, Associate Justice, concur.