ALLEN, Acting Chief Judge.
Appellant, plaintiff below, appeals a summary final decree dismissing her action for a declaration of a constructive trust and an equitable lien against the estate of ap-pellees’ decedent.
The material facts are not disputed. Ap-pellees’ decedent, John C. Miller, died on October 20, 1960, and letters testamentary *350 were issued in his estate on October 21, 1960. The notice to creditors required by Fla.Stat. § 733.15, F.S.A. (1961) was first published on October 24, 1960, and, in consequence, the time for filing claims established by Fla.Stats. §§ 733.15 and 733.-16, F.S.A. (1961) expired on June 24, 1961.
Appellant instituted her suit on January 30, 1962, alleging facts which would give rise to a constructive trust in her favor and specifically alleging, inter alia,
“ That the said trust fund was and is so comingled with the monies and property of the said JOHN C. MILLER, deceased, as to make it impossible to follow or trace the said trust fund due to the varied investments of said JOHN C. MILLER from the date of the conversion of the trust property to the present day, and for that reason, the Plaintiff herein brings this action ag'ainst the Co-Executors of the Estate of said deceased.”
Appellee answered, raising the bar of Fla.Stat. § 733.16, F.S.A., and moved for summary decree. The motion was granted, a decree entered and appeal ensued. The significant question on appeal is whether appellant’s failure to file a claim within the prescribed period bars her action for an equitable lien on a theory of constructive trust.
Appellant, arguing that the trial court erred in holding the action barred by Fla.Stat. § 733.16, F.S.A., urges that this case is governed by the rule in Hodges, as Executrix v. Logan, as Executrix, Fla.1955, §2 So.2d 885. In that case and in the earlier case of Sewell v. Sewell Properties, 1947, 159 Fla. 570, 30 So.2d 361, the Florida Supreme Court held that the statute of non-claim, Fla.Stat. § 733.16, F.S.A., was inapplicable as a bar to a beneficiary’s claim against the estate of a trustee. Appellant overlooks, however, an important qualification of that well established rule. As the Supreme Court indicated in Van Sciver v. Miami Beach First National Bank, Fla.1956, 88 So.2d 912, 58 A.L.R.2d 1279, the rule in Hodges v. Logan is applicable only when the beneficiary’s action is concerned with specific identifiable property. See Buck v. McNab, Fla.App.1962, 139 So.2d 734, cert. denied Fla., 146 So.2d 374.
In the instant case appellant alleged that the trust res could not be traced. Accordingly, her claim was governed by the rule enunciated in Cooey v. Cooey, 1938, 132 Fla. 716, 182 So. 202. In the latter case the Supreme Court, quoting 24 C.J., Executors and Administrators, § 856, held:
“ ‘The statutory requirement of presentation does not apply to the claims of a cestui que trust for whom decedent was trustee so long as the trust fund or property can be traced and the trust enforced by suitable proceedings; but where the fund or property cannot be traced and the cestui que trust seeks redress as a general creditor of the estate, he must present his claim.’ ”
The continued validity of this holding is evidenced in the more recent ITodges case, both by the reference to Cooey therein and the citation to encyclopedic material reiterating the Cooey rule. See 33 C.J.S. Executors and Administrators § 118; 34 C.J.S. Executors and Administrators § 398.
In light of the foregoing, the lower court did not err in dismissing the complaint and the decree is affirmed.
Affirmed.
SMITH, J., and SMITH, D. C., Associate Judge, concur.