HENDRY, Chief Judge.
The plaintiff filed a complaint for specific performance against the administrator of the estate of Anna M. Gardner based on an alleged oral promise to convey to him certain vacant lots in Hialeah in consideration of services and help he had rendered to her. It was alleged that in reliance upon this promise plaintiff paid all taxes and improvement assessments levied on the property from 1956 through 1965, kept the weeds cut and exercised possession and control of these lots. In further reliance on the promise of the deceased, as well as the close association between the parties which bordered on that of parent and child, plaintiff alleged that he took care of her as her needs arose, providing her with transportation, practical nursing, care, food, clothing and other needs until her death.
Anna Gardner died intestate on August 17, 1965. Since the deceased had no heirs the administrator obtained an order es-cheating the assets of the estate to the State of Florida and authorizing the sale of these lots.
Plaintiff failed to file a claim against the estate within the specified time period as required by the statute of non-claim, § 733.-16, Fla.Stat, F.S.A.
A motion to dismiss the complaint was granted and the cause was dismissed with prejudice. Plaintiff appeals the order of dismissal and contends that his claim was not required to have been filed under § 733.16, supra.
Plaintiff bases his contention on the doctrine of equitable conversion and the fact that equitable claims against specific property are not barred by non-claim. Hodges v. Logan, Fla.1955, 82 So.2d 885; Buck v. McNab, Fla.App.1962, 139 So.2d 734.
The allegation of the complaint that the deceased promised to deed the plaintiff certain lots because she felt “that he was entitled to these lots in return for the help he had given her” if taken as true does not show a binding promise predicated upon sufficient consideration and is insufficient to justify the equitable relief prayed.
Affirmed.