OWEN, Judge.
Appellee brought suit against the executrix of her father’s estate seeking to have the court impose a constructive trust for appellee’s benefit on a portion of the estate assets. By summary judgment the court granted the relief sought and the executrix appeals.
Presented in this case is the question of whether the statute of non-claim, F.S. Section 733.16, F.S.A., would apply as a bar to the plaintiff’s suit. We hold that the statute does apply and we reverse the judgment in favor of plaintiff.
Plaintiff’s parents, Harold and Lillian Labowitz, were divorced in May, 1950. The final decree incorporated by reference a custody and property settlement agreement between the parents, the relevant part of which was a covenant on Harold’s part that by his Last Will and Testament he would devise one-third of his net estate to his daughter, Phyllis, appellee herein, should she survive him.
Harold Labowitz changed his name to Landers and married Florence. Upon Harold’s death in March, 1970, his Will, executed January, 1963, was duly admitted to probate in Broward County, Florida. The Will did not provide for Phyllis in accord with the terms of the property settlement agreement. To the contrary, it expressly provided that she should not share in the testator’s estate.
Appellee did not file a claim against the estate nor did she file this suit until after the time for filing claims had expired. Appellant, as personal representative of the estate, affirmatively pled in bar the plaintiff’s failure to comply with F.S. Section 733.16, F.S.A. Supporting this defense factually by affidavit and clerk’s certificate, appellant moved for summary judgment. Appellee, without disputing her noncompliance with the statute, moved for summary judgment in her favor on the basis of copies of the property settlement agreement and the final decree of divorce. The trial court determined that F.S. Section 733.16, F.S.A. did not apply to bar the plaintiff’s action, and entered judgment imposing a constructive trust for appellee’s benefit upon one-third of Harold Lander’s net estate.
Appellee’s father clearly breached his agreement, and without question, appellee as a third party beneficiary had a cause of action for her damages. Had she elected to file such a suit (which she did not) she would have been in the category of a general creditor of the estate as to whom F.S. Section 733.16, F.S.A. would be applicable. Cooey v. Cooey, 1938, 132 Fla. 716, 182 So. 202. Apparently in hopes of avoiding the effect of her noncompliance with F.S. Section 733.16, F.S.A., appellee elected as her remedy to have a court of equity impose a constructive trust for her benefit upon the property which, according to the terms of the agreement, was to be devised by Will.
Property held in trust by an individual does not, at the trustee’s death, constitute part of his estate. For this reason, the statute of non-claim, F.S. Section 733.16, F.S.A., does not apply so as to require the beneficiary of the trust to file a claim against the estate of the trustee in order to be entitled to recover the trust res. Hodges *544 v. Logan, Fla.1955, 82 So.2d 885; Sewell v. Sewell Properties, 1947, 159 Fla. 570, 30 So.2d 361; and, Tibbetts Corner, Inc. v. Arnold, 1933, 108 Fla. 239, 146 So. 218.
It has been held that the foregoing rule is subject to an important qualification, i. e., it is applicable only when the benefici-' ary’s action is concerned with specific identifiable property. Staley v. Jackson, Fla.App.1963, 154 So.2d 349; Van Sciver v. Miami Beach First National Bank, Fla.1956, 88 So.2d 912; Buck v. McNab, Fla.App. 1962, 139 So.2d 734; and, Cooey v. Cooey, supra.
Is the alleged trust res in this case such specific identifiable property as to qualify under the rule recognized in Hodges v. Logan, supra, the case upon which the trial court relied in entering summary judgment? We think that question must be answered in the negative. There was never any specific identifiable property which could be said to have been held by appellee’s father in trust for appellee. The property to which she asserts an equitable interest is identified in the agreement merely as one-third of her father’s net estate. Obviously, such a reference is to the father’s net estate at the time of his death. It is self-evident that the nature and extent of such net estate could not possibly be ascertained or identified with specificity either at the time the agreement was executed or at anytime thereafter while Harold was alive, or, for that matter, not even after his death until disposition of any claims and determination of administration expenses. Even when the dollar value of the net estate was finally determined, the fractional share to which appellee would be entitled could not be identified beyond knowing that it is an undivided one-third. Since the trust res was not specific identifiable property and could not be traced in the assets of Harold’s estate, it is our view that the rule enunciated in the Hodges case is not applicable here and that appellee is subject to being barred by F.S. Section 733.16, F.S.A.
In passing, we offer an observation which we make by way of dicta since it was not briefed and argued by the parties, and certainly is not necessary to the decision in the case. As a general rule, a court of equity will impress property with a constructive trust only when the trust res is specific identifiable property or can be clearly traced in the assets claimed by the trustee. Thus, the so-called “qualification” referred to in the Staley case, supra, is identical to one of the essential elements of a constructive trust. Thus, it could be reasoned that the statute of non-claim would appear to have no practical relevancy to suits which seek to have a constructive trust imposed upon assets ostensibly in the trustee’s estate. If the plaintiff can establish entitlement to a constructive trust, the statute is not applicable under the holding of the Hodges case, supra. On the other hand, if the plaintiff cannot establish entitlement to a constructive trust, he is denied the relief for that reason irrespective of compliance or noncompliance with the statute.
The judgment for appellee is reversed and this cause remanded with directions to enter judgment for appellant.
Reversed.
REED, C. J., and CROSS, J., concur.