PER CURIAM.
The final order under review, which grants a petition to set aside trust funds held by an estate and pay a final cost judgment therefrom, is affirmed upon a holding that (a) the appellant’s decedent held upon his death certain cash funds, as a trustee under Section 607.301, Florida Statutes (1979), for the payment of the subsequently rendered cost judgment herein, and (b) the subject cash funds, which the estate herein admittedly still holds, were sufficiently identifiable so as not to constitute a part of the said estate and to authorize the imposition of a trust on such funds without the creditor being required to comply with Section 733.702(1)(a), Florida Statutes (1979). Hodges v. Logan, 82 So.2d 885 (Fla.1955); see Sewell v. Sewell Properties, Inc., 159 Fla. 570, 30 So.2d 361, 362 (1947); Wilkins v. Wilkins, 144 Fla. 590, 198 So. 335, 336-37 (1940); First State Trust and Savings Bank v. Therrell, 103 Fla. 1136, 138 So. 733, 739 (1932); Campbell v. Pace, 369 So.2d 413 (Fla.3d DCA 1979).