595 So.2d 203 (1992)
Frank ARDUIN and Rinaldo Cantone, Appellants,
v.
John McGEORGE, Individually and as Personal Representative of the Estate of Genevieve J. Weber, Deceased, Wayne W. Thomann and Marion Thomann, Appellees.
No. 91-1473.
District Court of Appeal of Florida, Fourth District.
February 26, 1992.
Rehearing and Rehearing Denied April 2, 1992.
Joel T. Daves, III of Daves and Jones, West Palm Beach, for appellants.
Roderick C. McDonald of Osborne, Hankins, MacLaren & Redgrave, Boca Raton, for appellee-John McGeorge.
Rehearing and Rehearing En Banc Denied April 2, 1992.
*204 HERSEY, Judge.
The issue on appeal here is whether the trial court erred in refusing to find appellee, John McGeorge, in contempt of court.
The underlying action was one for the imposition of a constructive trust. In the final judgment the court held that appellee McGeorge was constructive trustee for the benefit of appellants, Frank Arduin and Rinaldo Cantone. The subject matter or res of the trust was a specific account in the Woodlawn Autoworkers Credit Union. The final judgment required appellee McGeorge to deliver the funds in that account to appellants. When he failed to do so, appellants instituted post-judgment proceedings to hold him in contempt. Based upon testimony that the credit union account was no longer in existence at the time the original complaint was filed, the trial court held that the constructive trust failed. Thus, appellee, as constructive trustee, could not be held in contempt since he no longer had the ability to comply with the directive to deliver the account to appellants. The trial court also refused to permit recovery against appellee's other assets. This is the order on appeal.
While it may be true that the account into which the funds were originally placed by appellee no longer exists, it is clear from the record that he still holds the funds intact, presumably in another account or in some other investment vehicle. His own testimony is to this effect. The question, then, is whether a constructive trust improvidently declared as to a particular bank account nonetheless may be imposed upon the ultimate repository of those funds by tracing. Or, whether the trustee, simply by not disclosing the precise name and location of the funds at the hour of judgment can avoid his equitable obligation altogether?
This is not a case like Landers v. Sherwin, 261 So.2d 542 (Fla. 4th DCA), cert. denied, 265 So.2d 49 (Fla. 1972). There, a promise to devise one-third of an estate to a specific individual could not be enforced by the imposition of a constructive trust because the obligation created by the promise did not relate to specific, identifiable property. In the present case, the obligation concerns a specific amount of money traced to the credit union account and thereafter to another account in the possession and under the control of the constructive trustee.
This case is the obverse of cases like Trendsetter Villas of Deer Creek v. Villas on the Green Inc., 569 So.2d 766 (Fla. 4th DCA 1990), wherein, relying on Finkelstein v. Southeast Bank, 490 So.2d 976 (Fla. 4th DCA 1986), we held that a constructive trust may be imposed only where the trust res is specific identifiable property, or can be clearly traced in assets of the defendant which are claimed by the party seeking relief.
Money is fungible. Where money is the asset upon which it is proposed that a constructive trust be imposed, it is necessary that a specific amount be identified and located, either by tracing it to a specific and existing account, or where the funds have been converted into another type of asset such as by the purchase of some item of property, by tracing and identifying the transaction in which the conversion occurred and thus tracing the money into the item of property.
Here the constructive trustee by his own testimony simply transferred the money which is the subject matter or res of the constructive trust from one account to another. The trial court should have granted the relief sought by appellants.
The final judgment was never appealed and no cross appeal has been filed. We therefore do not reach the question of whether the underlying facts justify the imposition of a legal remedy or equitable relief. We treat only the issue of tracing and resolve that in favor of appellants.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., concur.