FARRIS *v.* EDMONDSON *et al.*

(Division B. Jan. 8, 1940.)

[192 So. 825. No. 33943.]

**Clark & Clark,** of Iuka, for appellant.

**W. C. Sweat,** of Corinth, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Farris, Administrator of the estate of L. M. Luttrell, deceased, filed this suit in the chancery court to reform a trustee's deed, executed pursuant to a sale under a trust deed given by W. T. Edmondson and his wife, B. A. Edmondson. It appears that in 1922 Edmondson and wife purchased sixty acres of land from D. E. Rast and wife, the deed being made to both Edmondson and his wife jointly, but the sixty acres of land embraced in the deed of trust was an incorrect description of the land intended to be conveyed. The appellee, Edmondson, and his wife, who is now deceased, borrowed the money to pay for the land from L. M. Luttrell, the purchase price being $750. At the time of this purchase Luttrell held a deed of trust on the land against Rast and wife for $450, and W. T. Edmondson and wife gave Luttrell a deed of trust for $300 and assumed the amount that Rast owed Luttrell, and assumed and released his claim to the land, but in doing this gave a note, and at the maturity Edmondson and wife gave a deed of trust in 1923 for .$750. This note and deed of trust contain an interest charge of ten per cent carried on the face of the note, and the note bore interest at eight per cent after maturity. The matter proceeded along until at the time of giving the note and deed of trust it was agreed and understood in 1923 that the note would bear interest or that Luttrell would be paid interest at the rate of ten per cent, and it appeared from the evidence on the trial that Luttrell stated to the officer who drew the papers that he always charged ten per cent for his money and he considered it worth that, and there was also evidence that Luttrell invariably charged ten per cent for the use of his money.

Prior to the trial of the case Mrs. Edmondson died and her two daughters were made defendants as being heirs of her one-half of the estate with W. T. Edmondson. Luttrell died prior to the attempted foreclosure of the deed of trust, and Farris was appointed administrator of his estate, and it was understood that Edmondson would borrow money and pay for the land, giving a deed of trust to the institution from which the loan was to be secured on the land to secure the money, but this failed because it appeared when title was examined that the deed of trust did not correctly describe the lands, and said institution refused to make the loan. Thereupon suit was filed to correct the papers, deed of trust, and trustee's deed to conform to the real facts, and the deed of trust having been foreclosed, Farris was to execute a deed to Edmondson to secure the balance of the debt, evidenced by the note and deed of trust, and he paid to the administrator, Farris, $100 on agreement to repurchase the land, but when the suit was filed to correct the description of the land embraced in the deed of trust making Edmondson and his wife parties, they denied the existence of the debt and set up that the note had been paid by reason of the forfeiture of the interest for being in excess of that allowed by law, and by crediting the payments made on the note that it had been overpaid at the time the suit was filed. However, when Luttrell died, the payments were not then sufficient to completely pay the principal of the note, but when the amounts paid subsequent to Luttrell's death were applied to the note, it was more than paid, and Edmondson and wife filed a cross-bill seeking to cancel the note and deed of trust and the trustee's deed and for judgment over for amount of payments in excess of the principal of the note. The chancellor, on hearing, found that the interest charged, or stipulated for, was in excess of that allowed by law, and by applying the payments made to the debt, the original principal, Edmondson had

overpaid the note, and rendered a decree so adjudging for $62.82.

Luttrell died in 1933 and subsequent to his death Edmondson paid to the administrator $75 in October, 1933, and $39.60 in October, 1934, and, about the time the land was sold under the deed of trust, paid the administrator $100. The administrator, Farris, answered the cross-bill of Edmondson and among other defenses set up a demand that the money over could not be maintained because the same had not been probated. The chancellor held that as the debt had not been paid by the payments when Luttrell died, then the subsequent payments were paid to the administrator, that there was no requirement that the claim be probated, and also the chancellor seems to have held that as there were mutual dealings between Edmondson and the administrator that the statute of limitations did not run until a settlement of the last payment. It was objected to the introduction of the evidence as to the statements made by Luttrell that he charged ten per cent and that his money was worth that, and that he fixed his papers so that the ten per cent would be carried on the face of the note. W. T. Edmondson testified, and his testimony was excluded, as to his claim, but it was held that he was a competent witness as to the claim of his children, and it is objected that the court erred in so doing. We do not think it material here to decide this question for the reason that we think the proof was sufficient to show without dispute that ten per cent was in fact charged and agreed to be paid. Therefore, the payments made on the note were to be credited on the principal of the note without interest, and as much as the payments made during the life of Luttrell were not sufficient to discharge the principal, and as subsequent payments were made to the administrator, there was no necessity for probating as to the items in excess of the principal of the note paid to the administrator.

We have examined the evidence in regard to the payments and we think that the notation on the back of the note on the twenty-sixth day of September, 1927, $540, was in fact $54 for the reason that a credit of $50 on October 2, 1925, showed a balance then of $675, and the credit on September 26, 1926, also showed a balance of $675, showing that it was not intended to credit the note with payment of $540. Counsel stated in brief for the appellant that this was a clerical error in transcribing the notes and that it should have been transcribed $54. We cannot take statements as to what the record properly showed because there was no suggestion of correction, or findings by the trial court in approving the stenographer's notes that such was a fact. However, we think that the amounts paid liquidated the note. The appellee and cross-appellant claim that the chancellor should have found for $102.70. We think the chancellor's finding on this was correct, and should not be disturbed. Consequently, the decree of the chancery court will be affirmed on both direct and cross-appeal.

Affirmed.