ARTHUR G. BRICKEY, SR., ADM'R v. B. L. LACY ET AL

5-5082          448 S. W. 2d 331

Opinion delivered December 22, 1969

*Mitchell Moore,* for appellant.

*Bruce Ivy* and *James Hyatt, Jr.,* for appellees.

J. FRED JONES, Justice. This is an appeal by Arthur G. Brickey, Sr., administrator of the estate of Mabel Brickey Ayres, from an order of the Mississippi Probate Court allowing a claim by B. L. Lacy against the Ayres estate in the amount of $8,028.26. The only point in issue is stated in the point relied on by Brickey as follows:

"The probate court erred in allowing the claim of B. L. Lacy because the claim is barred by the statute of nonclaim."

This case is a sequel to *Arthur G. Brickey, Sr., Adm'r v. B. L. Lacy et al,* 245 Ark. 860, 435 S. W. 2d 443, and the facts are as follows: Mrs. Ayres owned farm lands in Mississippi County, Arkansas, and for a number of years had rented some of her land to Lacy on a year-to-year basis running from January 1 to January 1 the following year, and requiring six months' notice for termination. (See *Jonesboro Trust Co. v. Harbough,* 155 Ark. 416, 244 S. W. 455). Mrs. Ayres died on September 7, 1963—too late in the year for her administrator to terminate the year-to-year lease by giving the required notice six months before January 1, 1964. Brickey was appointed administrator of Mrs. Ayres' estate and gave a quit notice to Lacy on November 27, 1963. Brickey sought and obtained an order of the probate court authorizing him to bring an action against Lacy in unlawful detainer and such action was commenced in February 1964, by Mr. Brickey as administrator. Lacy elected to surrender possession rather than retain it under cross-bond, but filed an answer denying Brickey's right to possession and praying damages caused by his ouster. The trial of the unlawful detainer action in the circuit court resulted in a judgment for damages in favor of Lacy, which was sustained by

this court on appeal, in the amount of $8,028.26 (*Brickey* v. *Lacy, supra*). Lacy filed claim against the estate for the amount of the judgment and the claim was allowed by the probate court.

We do not agree with the appellant that this claim was barred by the statute of nonclaim. Ark. Stat. Ann. § 62-2111 (Supp. 1967) provides, in part, as follows:

"Promptly after the letters have been granted on the estate of a deceased person, the personal representative shall cause to be published a notice of his appointment, stating the date thereof, and requiring all persons having claims against the estate to exhibit them, properly verified to him, within six months from the date of the first publication of the notice, or they shall be forever barred and precluded from any benefit in such estate."

The statute of nonclaim relied on by Brickey, Ark. Stat. Ann. § 62-2601 (a) (Supp. 1967), provides as follows:

". . . all claims against a decedent's estate, other than expenses of administration and claims of the United States which, under valid laws of the United States, are not barrable by a statute of nonclaim, but including claims of a state or territory of the United States, and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, or otherwise, shall be forever barred as against the estate, the personal representative, the heirs and devisees of the decedent, unless verified and presented to the personal representative or filed with the court within six months after the date of the first publication of notice to creditors."

We are of the opinion that the demand of Lacy in the case at bar arises as a cost of administration and

is not such demand as is contemplated by § 62-2601 (a), *supra*, and is not barred by the six months' period for exhibition provided in § 62-2111, *supra*, and presented or filed as provided in § 62-2601 (a).

In his petition to the probate court for authority to evict Lacy, Brickey, as administrator, simply set out that all the heirs of the decedent had not been determined; that

> "in order to preserve the property, to protect the rights and interests of persons having interest therein and for the benefit of the estate, the administrator should be permitted and authorized to contract for and collect rents and earnings therefrom, pay taxes and special assessments thereon, make necessary repairs thereon, maintain the same in a tenantable condition, preserve same against deterioration, protect same by insurance, and *maintain or defend an action for the possession thereof,* or to determine or protect the title until such property is sold or is delivered to the distributees thereof, or until the estate is settled." (Emphasis supplied).

Brickey then alleged that Lacy still owed for advances made by the decedent for the 1963 crop, and that it would be to the best interest of the estate that the farm be rented to some other person. The petition set out that Brickey had been offered the sum of $45.10 per acre cash rent for the property for 1964 by W. S. Cockerham and in order to rent the land to Mr. Cockerham it would be necessary to eject Mr. Lacy. The petition then concludes as follows:

> "WHEREFORE, petitioner prays an order of this court authorizing and directing him to lease the lands in question to said W. S. Cockerham for the sum of $45.10 per acre for and on behalf of the

heirs at law and the estate of Mabel Brickey Ayres, deceased, and that he be authorized and directed to file suit of ejectment against the said B. L. Lacy and any and all persons holding possessions of said lands unlawfully; that he be authorized and directed to pursue and maintain or defend all actions for the possession of said property and for the preservation of same and that the court make a finding that this action is necessary for the preservation of the property, to protect the rights and interest of persons having interest therein, that it is for the benefit of the estate and that it meets all the requirements necessary in Arkansas Statutes Section 62-2401 for the purpose of enabling the Administrator to act for and on behalf of the heirs at law of Mabel Brickey Ayres.''

Lacy had leased the property involved from Mrs. Ayres before her death and when she failed to terminate the year-to-year tenancy relationship by six months' notice, Lacy was entitled to continue in possession under his year-to-year tenancy relationship during the calendar year 1964. Lacy had no claim against Mrs. Ayres prior to her death and no claim against her estate, contingent or otherwise, at the time of her death.

In 31 Am. Jur. 2d, Executors and Administrators, § 318, appears the following:

''Contractual obligations which survive the death of the obligor are binding on his executors and administrators in their representative capacity and are enforceable against his estate. Thus, it is not only within the power of an executor or administrator to complete a contract made by his decedent, it is his duty to carry out the contract. If he fails to perform a contract of his decedent which is binding on the estate, he may be compelled to pay damages out of the assets in his hands. . .''

Mr. Brickey was the personal representative of the decedent, Mrs. Ayres, and in his representative capacity was obligated to honor and carry out the agreements she had made. He alleged that it was to the best interest of the estate and the heirs to eject Mr. Lacy from the land and rent the land to another person for $45.10 cash per acre. He proceeded to eject Mr. Lacy but did so wrongfully and to Mr. Lacy's damage in the amount of $8,028.26. Mr. Lacy had no claim to file against the estate until it was created by Brickey's own act in his official capacity as administrator, and as finally determined by this court in *Brickey* v. *Lacy, supra*. We hold that the statute of nonclaim, as set out in Ark. Stat. Ann. § 62-2601 (a), *supra,* does not apply to the facts in this case.

The judgment of the probate court is affirmed.