OWEN, Chief Judge.
Appellants, plaintiffs below, suffered an adverse summary judgment in this action seeking compensatory and punitive damages against the City of Titusyille (and *564 two of its employees) for an alleged trespass upon plaintiffs’ property and the willful destruction of certain trees and shrubbery thereon.
Appellants’ action against the City of Titusville was barred by the Statute of Limitations and, thus, the summary judgment in favor of the Defendant-City was proper.
We find no evidence from which the trier of fact might reasonably infer that the individual defendants acted with legal malice and, thus, the summary judgment in their favor as to the claim for punitive damages was proper.
The complaint alleged that the two individual defendants committed certain acts, whereas the proof established that neither one personally committed the alleged acts. On the allegations as they stood, the court was correct in granting summary judgment in favor of the two individual defendants on the claim for compensatory damages. However; prior to the hearing on the motion for summary judgment, appellants had sought leave to amend their complaint by alleging, in the alternative, that the individual defendants “caused the removal [and destruction of valuable trees or shrubbery from the plaintiffs’ property]”. The proposed amendment to the complaint was not inconsistent with the cause of action as • originally pled. From the depositions and affidavits it was clear that a genuine issue of material fact did exist as to whether the individual defendants “had caused or directed others” to do the acts of which plaintiffs complained. We conclude that the court abused its discretion in denying plaintiffs the opportunity to amend the complaint in this respect and that on the basis of the allegations as thus amended, summary judgment on the claim for compensatory damages against the individual defendants would not be proper.
The final summary judgment is affirmed in all respects except as to. that part which exonerated the individual defendants-appel-lees, Warden and Beleflower, on plaintiffs’ claim for compensatory damages; as to that portion only, this cause is reversed and remanded with directions that plaintiffs’ proposed amendment to the complaint filed July 27, 1973 be allowed and that the cause thereafter proceed against the individual defendants-appellees on the claim of compensatory damages.
Affirmed in part; reversed in part, and remanded.
CROSS and DOWNEY, JJ., concur.