332 So.2d 50 (1976)
Linda Anne FISHER and Stanley Fisher, Her Husband, Etc., Appellants,
v.
Daniel CREAMER et al., etc., Appellees.
No. 75-1239.
District Court of Appeal of Florida, Third District.
January 20, 1976.
Rehearing Denied May 26, 1976.
Cushman & Cushman, Miami, for appellants.
Marks, Keith, Mack & Lewis, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
*51 HAVERFIELD, Judge.
Defendants take this interlocutory appeal to review an order denying their motion for summary judgment in this action to establish a constructive trust.
The salient facts are as follows: By warranty deed dated September 20, 1956, Edward Roberts, James Todd and Louis Liebman, business partners, obtained equal interests to a certain parcel of property located in Dade County. Between 1956 and 1962 Roberts, Liebman and Todd jointly purchased six additional parcels of property in Dade County in the name of L.R. Katz as agent on their behalf. In June 1962 the three partners formed a Florida corporation, Toliro Corporation (Todd-Liebman-Roberts), in order to transfer all their joint real estate holdings in Dade County to a corporate entity. Following the incorporation, Katz executed and delivered to Toliro Corporation a quit claim deed conveying (1) the six parcels of property taken in his name as trustee, and (2) the first parcel of property purchased in 1956 in which title was vested in the names of Todd, Liebman and Roberts. Toliro then issued a single share of stock to each of the partners. Thereafter, Toliro paid the real estate taxes and exercised control over the property. Todd, Liebman and Roberts died non-residents of the State of Florida. Title to all of the stock in Toliro Corporation was acquired by the trustees of the estate of Louis Liebman, plaintiffs in this cause. Record title to the first parcel of property acquired in 1956, by virtue of mistake and/or inadvertence, never having been divested from Todd, Liebman and Roberts, plaintiffs filed a complaint to impress a resulting or constructive trust upon the property against the defendants, the heirs and legatees of the estate of Edward Roberts.[1] It was admitted that although more than three years had elapsed since the death of Edward Roberts, no notice to creditors had been filed in the Roberts estate, nor had there been any claim filed against the estate in the probate court of Dade County. Defendants answered and moved for summary judgment on the grounds of plaintiffs' admitted failure to comply with § 733.16 and § 734.29(1), Fla. Stat., F.S.A. The trial judge denied the motion and this interlocutory appeal followed.
With respect to § 733.16, Fla. Stat.,[2] it has been established that this non-claim statute is not applicable to a claimant who alleges that he holds equitable title to specific identifiable property, legal title of which is in the decedent, and is seeking to impress a resulting or constructive trust in this property for the reason that the property in trust does not constitute part of the *52 estate. See Hodges v. Logan, Fla. 1955, 82 So.2d 885; Landers v. Sherwin, Fla.App. 1972, 261 So.2d 542 and cases cited therein.
We must also reject defendant's contention that plaintiffs' action is barred by the three-year limitation provided in § 734.29[3] inasmuch as the enforcement of a resulting trust in equity is governed by the doctrine of laches and not by the statute of limitations. See Peacock v. Firman, Fla. App. 1965, 177 So.2d 560 and 33 Fla.Jur. Trusts §§ 118, 119 (1960).
Affirmed.

ON PETITION FOR REHEARING
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
On petition for rehearing appellants have brought to this court's attention that the record reflects that the appellees conceded they could not maintain their suit as an action to establish a resulting trust, but rather are seeking to establish a constructive trust. Petitioner-appellants with respect to our disposition of their contention as to § 734.29, Fla. Stat. argue that plaintiff's action is barred by this three-year limitation since plaintiffs are seeking to establish a constructive trust and such trusts are subject to statutes of limitations. We cannot agree.
The correct rule of law is that in a court of equity the claims of the beneficiary of a constructive trust are subject to the application of the doctrine of laches which may be based on the provisions in the statutes of limitations relating to actions at law of like character and further, if there are intervening equities present, a court of equity need not base its application of the doctrine of laches on the provisions of the appropriate statute of limitations. See Wadlington v. Edwards, Fla. 1957, 92 So.2d 629, 630. In addition, the failure to assert one's rights in circumstances where a relation of constructive trusteeship has arisen will not bar a suit if the action is brought as soon as the occasion arises for the assertion of his rights by the beneficiary. See Le Cain v. Becker, Fla. 1952, 58 So.2d 527.
We find that the chancellor did not abuse his discretion in not applying the three year statute of limitations.
Rehearing denied.
NOTES
[1] The heirs and legatees of the estate of James Todd also were named as defendants, but they do not contest plaintiffs' claim.
[2] "733.16 Form and manner of presenting claims; limitation.

"(1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post-office address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the clerk of the circuit court granting letters. Any such claim or demand not so filed within four months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise... . and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said four months as aforesaid; ..."
[3] Limitations against unadministered estates.
"(1) After three years from the death of any person his estate shall not be liable for any obligation or upon any cause of action if no letters testamentary or of administration with respect thereto have been taken out in Florida within said three years, or if such letters have been taken out but neither proof of publication of notice to creditors, nor the claim of any creditor has been filed in the circuit court within said period; provided, however, that the lien of any duly recorded mortgage and the lien of any person in possession of any personal property of the decedent, and the right to foreclose and enforce the same with respect to the property encumbered thereby, shall not be impaired by said limitation."