RYDER, Judge.
The personal representative of the estate of Bertha. L. Williams appeals from the lower court’s denial of a motion to strike the claim of a creditor contending the trial court erred when it held funeral expenses herein were not subject to the nonclaim statute. We disagree with the personal representative’s argument, and affirm the decision of the trial court.
Bertha L. Williams died and her estate was probated in Charlotte County, Florida. Notice of administration was properly published, and the last day for filing claims under Section 733.702(1)(a), Florida Statutes (1977), was February 18, 1978. Leroy Whitley, however, filed a statement of claim for funeral expenses on August 14, 1978. The personal representative made a motion to strike the claim of Whitley, which was denied by the trial court.
The thrust of the personal representative’s argument is that there is an inherent conflict between Section 733.702(1)(a) and Section 731.201(4), Florida Statutes (1977). The personal representative seeks to have this court interpret those two sections in a manner which would require the filing of claim for funeral expenses within three months of the time of the first publication of the notice of administration. We decline to accept this interpretation.
Section 733.702(l)(a) provides:
No claim or demand against the decedent’s estate that arose before the death of the decedent . . . shall be binding on the estate . . . unless presented . . . [wjithin 3 months from the time of the first publication of the notice of administration [emphasis added]
While it is true that Section 731.201(4) defines claims as including funeral expenses, this section should not control. Section 731.201(4) is a general definitional section which is not determinative of the present controversy in view of the more specific provisions contained in Section 733.-702(1)(a). The latter statute clearly limits its operation to claims which arose before the death of the decedent. While in some instances certain funeral expenses might possibly arise before the death of the decedent and thus be subject to Section 733.-702(1)(a), the more common situation is that reflected on the present appeal where the funeral expenses were incurred subsequent to the death of the decedent. Twomey v. Clausohm, 234 So.2d 338 (Fla.1970), is not applicable to the present appeal since it was based upon the 1965 version of the nonclaim statute which was not limited to claims or demands arising before the death of the decedent.
Since the more specific provisions of Section 733.702(1)(a) control the present appeal, *737 the trial court properly denied the motion to strike the claim of Whitley for funeral expenses.
AFFIRMED.
GRIMES, C. J., and SCHEB, J., concur.