439 So.2d 280 (1983)
In re The ESTATE OF Wilbur E. KULOW, Deceased.
No. 82-2872.
District Court of Appeal of Florida, Second District.
September 23, 1983.
Rehearing Denied October 26, 1983.
M. Joseph Lieb, Jr. of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellant State Farm Mut. Auto. Ins. Co.
James W. Whatley of Kanetsky, Moore, DeBoer, Horlick & Whatley, P.A., Venice, for appellee Kulow.
GRIMES, Judge.
This case involves a difficult interpretation of the nonclaim statute, section 733.702(1), Florida Statutes (1981).
On September 9, 1981, Wilbur E. Kulow sustained serious personal injuries in a traffic accident which resulted in his death on December 13, 1981. Pursuant to the PIP and medical payments coverage of his automobile insurance policy, State Farm paid Memorial Medical Center in Savannah, Georgia, $28,430 for services and care rendered Mr. Kulow prior to his death. Apparently, most of the hospital's bill was paid by Medicare and other collateral sources, resulting in an overpayment to the hospital in the amount of $28,412.71. State Farm alleges it was entitled to the benefit of the duplication of payments but that the hospital mistakenly refunded the entire overpayment to Mr. Kulow's personal representative. State Farm asserts that it contacted the personal representative on April 19, *281 1982, and had further contact with her or her attorney on June 6, 1982, in unsuccessful efforts to obtain the overpayment.
In the meantime, the personal representative published the initial notice of administration on June 19, 1982. As a result, the last day for creditors to file claims against the estate pursuant to section 733.702 was September 19, 1982. State Farm ultimately filed a statement of claim for the overpayment of insurance benefits on October 15, 1982. Four days later, the personal representative filed an objection to the claim and a motion to strike the claim as being untimely. Following a hearing, the probate court entered an order striking State Farm's claim on the ground that it was not filed within the time prescribed by law. State Farm has appealed from this order.
On October 21, 1982, State Farm also filed an independent action in circuit court against the personal representative for reimbursement of the overpayment. Upon motion of the personal representative, the civil action has been stayed pending the outcome of this appeal.
At the outset we note a procedural problem. The Florida Probate Code seems to contemplate that the failure to properly file a claim could be raised as a defense to the independent civil action. However, State Farm did file a claim, albeit late, in the event that such filing was legally necessary under the requirements of the Code. State Farm attempted to persuade the trial court to find estoppel against the personal representative for having lulled State Farm into noncompliance. The personal representative filed an objection, and ultimately the trial court, sitting in its probate capacity, ruled that State Farm was foreclosed by the failure to timely file a claim. Since the applicability of the nonclaim statute has been fully argued on this appeal and because a resolution of this question will control that issue in the litigation now pending in the civil division, we will decide the point on the merits in order to enhance judicial economy. Cf. In re Estate of Williams, 381 So.2d 735 (Fla. 2d DCA 1980), in which this court affirmed the probate judge's refusal to strike an untimely claim on the premise that the nature of the demand was not such as to be encompassed by the claim filing requirements of section 733.702(1).
The Florida Probate Code was adopted in large part from the Uniform Probate Code. Had Florida adopted in its entirety the applicable portion of the uniform code on limitations on presentation of claims, the question before us could be easily decided. Section 3-803(b) of the Uniform Probate Code provides:
(b) All claims against a decedent's estate which arise at or after the death of the decedent, including claims of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:
(1) a claim based on a contract with the personal representative, within four months after performance by the personal representative is due;
(2) any other claim, within 4 months after it arises.
Since this provision was not carried over into the Florida Probate Code, we must decide the case by interpreting section 733.702(1) which reads as follows:
(1) No claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, actions founded on fraud or other wrongful act or omission of the decedent, shall be binding on the estate, on the personal representative, or on any beneficiary, unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal *282 representative has recognized the claim or demand by paying a part of it or interest on it or otherwise. The personal representative may settle in full any claim without the necessity of the claim being filed when the settlement has been approved by the beneficiaries adversely affected according to the priorities provided in this code and when the settlement is made within the statutory time for filing claims; or he may file a proof of claim of all claims he has paid or intends to pay.
(b) Within 3 years after the decedent's death, if notice of administration has not been published.
State Farm contends that its cause of action was not of such a nature as to require the timely filing of a claim under this statute.
The personal representative argues that the court's ruling can be sustained under either of two provisions of the statute. First, she contends that State Farm is making a "claim or demand against the decedent's estate that arose before the death of the decedent." She reasons that since the services for which payment was initially made to the hospital were rendered prior to Mr. Kulow's death, State Farm's claim arose before the death of the decedent. This argument is patently unsound. State Farm's cause of action, if any, could not have arisen until its payment to the hospital and the hospital's subsequent payment to the personal representative, both of which occurred well after Mr. Kulow died.
The personal representative's second argument cannot be disposed of so easily. She contends that the funds which State Farm seeks are "personal property in the possession of the personal representative." Since money is personal property and the funds are being held by the personal representative, the statute could be read to support her position. In response, State Farm seeks to place itself under the line of authority which holds that a statement of claim need not be filed by one who contends that he has equitable title to specifically identifiable property held by a personal representative. Those cases, however, are premised on the theory that the property never became part of the estate because it was held in trust by the decedent at the time of his death. Hodges v. Logan, 82 So.2d 885 (Fla. 1955); Fisher v. Creamer, 332 So.2d 50 (Fla. 3d DCA), cert. dismissed, 336 So.2d 600 (Fla. 1976). Moreover, there is also a question as to whether the funds are specifically identifiable property since the hospital's check has been cashed and the money comingled with other estate funds. See Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982).
Nevertheless, we believe that State Farm's cause of action is not a "claim for personal property in the possession of the personal representative." Under general definitions, section 731.201(4) of the Florida Probate Code states:
(4) "Claims" means liabilities of the decedent, whether arising in contract, tort, or otherwise, and funeral expenses. The term does not include expenses of administration or estate, inheritance, succession, or other death taxes.
State Farm's cause of action cannot be deemed a liability of the decedent. Within the scope of the foregoing definition, it can be more nearly equated with an expense of administration since it did not exist even in contingent form until after Mr. Kulow's death. We read "personal property in the possession of the personal representative" to mean assets of the decedent held by the personal representative which are claimed by others. The proceeds of the hospital check were not assets of the decedent. To accept the personal representative's theory, if the check had not been written until after the time for filing claims had expired, State Farm would nevertheless be barred from prosecution by its failure to timely file a claim.
Despite the differences in wording of their respective probate codes, the courts of other jurisdictions have consistently held that claims of an analogous nature arising subsequent to the decedent's death are not subject to the statutes of nonclaim. Drain v. Stough, 61 F.2d 668 (9th Cir.1932) (assessment *283 on bank stock occurring after death); Brickey v. Lacy, 247 Ark. 906, 448 S.W.2d 331 (1969) (damages for wrongful eviction of lessee by decedent's administrator); Sperry v. Tammany, 106 Cal. App.2d 694, 235 P.2d 847 (1951) (reimbursement of husband's payment after wife's death on mortgage executed by husband and wife on wife's property); Burdick v. Kerkovecz, 81 Cal. App. 786, 254 P. 684 (1927) (recovery of down payment on real estate purchase contract upon default by vendor subsequent to decedent's death); Wilmington Trust Co. v. Wright, 33 Del. Ch. 63, 90 A.2d 480 (1952) (claim for contribution under decedent's indemnity agreement arising after death); Farris v. Edmondson, 187 Miss. 214, 192 So. 825 (1940) (usurious interest on promissory note paid to decedent-mortgagee's administrator); Nathan v. Freeman, 70 Mont. 259, 225 P. 1015 (1924) (damages for failure to repair leasehold arising after death of lessee and lessor's claim for reimbursement of payment of post-death taxes); In re Gifford's Estate, 133 Neb. 331, 275 N.W. 273 (1937) (damages for breach of contract entered into during course of administration); Olsen v. First National Bank, 76 S.D. 605, 83 N.W.2d 842 (1957) (suit for constructive trust to establish obligation arising after decedent's death).
While the court below properly ruled that State Farm's statement of claim was untimely filed, we hold that State Farm was not required to file a claim in order to prosecute its cause of action.
REVERSED.
HOBSON, A.C.J., and THREADGILL, EDWARD F., Jr., Associate Judge, concur.