502 So.2d 1297 (1987)
Elizabeth T. VELZY, Appellant,
v.
The ESTATE OF Ashley Rodman MILLER and George W. Greer, As Personal Representative of the Estate of Ashley Rodman Miller, Appellees.
No. 86-937.
District Court of Appeal of Florida, Second District.
February 20, 1987.
*1298 Barry L. Miller and James R. Cunningham of Hiscock & Barclay, Orlando, for appellant.
James W. Hagan of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Clearwater, for appellees.
CAMPBELL, Judge.
This is an appeal from a summary judgment for appellees, the Estate of Ashley Rodman Miller and George W. Greer, defendants below. The decedent's former spouse, Elizabeth T. Velzy, had sought partition of a 46-foot Matthews boat that was listed on the Estate's inventory as the sole property of the Estate. Appellant claimed a one-half interest in the boat. The facts pertinent to this proceeding are set forth in our opinion in the companion case styled Elizabeth T. Velzy, f/k/a Elizabeth T. Miller v. In Re: The Estate of Ashley Rodman Miller, 502 So.2d 1295 (Fla. 2d DCA 1987). That opinion is being issued simultaneously and the two opinions should be considered together. The facts will not be repeated in this opinion.
In our companion opinion, we affirmed the trial court order that struck as untimely appellant's claim against the decedent's estate (section 733.702, Florida Statutes (1983)). Appellant asserted there that the decedent had fraudulently converted title to the boat. She maintained that while the parties were married, they held title as tenants by the entireties, but when the court failed in the 1979 divorce decree to determine ownership of the boat, the parties' title was converted to a tenancy in common. Shortly before the final divorce decree was entered, decedent transferred title to his name alone, thus divesting appellant of her one-half share.
*1299 Appellant took the position that inasmuch as she claimed equitable title to one-half ownership in the boat, decedent therefore held that one-half interest as constructive trustee by operation of law.
Relying on the rule of law cited in the cases of Hodges v. Logan, 82 So.2d 885 (Fla. 1955); In Re Estate of Peterson, 433 So.2d 1358 (Fla. 4th DCA 1983); Grossman v. Selewacz, 417 So.2d 728 (Fla. 4th DCA 1982); Fisher v. Creamer, 332 So.2d 50 (Fla. 3d DCA 1976); and Landers v. Sherwin, 261 So.2d 542 (Fla. 4th DCA 1972), she asserts here that title to her one-half interest in the boat did not pass to the estate, so that a claim against the estate was not required. Rather, her action in partition was the proper cause of action.
In the proceedings below, appellees answered and pleaded as affirmative defenses that: (1) decedent was the sole owner of the boat as evidenced by a Florida Certificate of Boat Title issued in 1979; (2) the cause of action was barred by the general statute of limitations, section 95.11(3)(i) and (j), Florida Statutes (1983); and (3) a claim was not timely filed in the decedent's estate as required by section 733.702.
The record amply demonstrates that there is no genuine issue as to any material fact in regard to the issues raised by appellees' affirmative defenses. Summary judgment for appellees was properly entered as a matter of law since appellant's action was barred both by sections 95.11(3) (i) and (j) and 733.702. Steiner v. Ciba-Geigy Corp., 364 So.2d 47 (Fla. 3d DCA 1978); Visconti v. City of Titusville, 306 So.2d 563 (Fla. 4th DCA 1975).
Section 95.11(3)(i) and (j) bars an action for recovery of specific personal property or an action founded on fraud unless it is commenced within four years. The record discloses that appellant and decedent separated in May of 1978. Appellant received a copy of the Pinellas County final judgment of dissolution of marriage in August of 1980. Appellant was aware that decedent was last in possession of the subject boat. Appellant obtained an abstract of title on the boat from the Coast Guard in November of 1980, which reflected that decedent had terminated Coast Guard documentation of the boat in favor of title certification with the State of Florida in 1979. Decedent died in 1984. Appellant did not attempt to file a claim in decedent's estate until January 16, 1985, nor did she file the action for partition resulting in this appeal until February 18, 1985. Appellant's partition action is, therefore, barred by the four-year statute of limitations provided by section 95.11(3)(i) and (j).
Even if appellant's action had not been barred by section 95.11(3)(i) and (j), appellant's partition action is barred by her failure to file a claim in decedent's estate within three months of the first publication of notice of administration published September 7, 1984, as required by section 733.702. Appellant's claim was not filed until January 16, 1985. In the companion appeal, we affirmed the trial court's order that struck her claim against the estate as untimely. Absent a timely, valid claim filed in decedent's estate, appellant is barred under the provisions of section 733.702 from bringing the cause of action below for partition.
Appellant has relied upon the cases cited above to excuse her failure to file a timely claim in decedent's estate. Those cases, Hodges, Estate of Peterson, Grossman, Fisher and Landers, as well as Staley v. Jackson, 154 So.2d 349 (Fla. 2d DCA 1963) and Buck v. McNab, 139 So.2d 734 (Fla. 2d DCA 1962), have recognized an exception from the requirements of section 733.702 and its predecessor statutes on a theory variously referred to as the "trust exception," the "equitable title or beneficial ownership exception" or the "specifically identifiable property exception." Those exceptions to the "nonclaim" statute all were grounded upon a construction of former versions of the statute and depended upon either the specific language of the statute or the absence of specific language at the time those cases arose. However, the legislature amended the Florida Probate Code in 1974 and 1975, and adopted what is now section 733.702. The amendments have so substantially modified the prior "nonclaim" *1300 provisions of the Code, that those theories of exception have been substantially altered and narrowed even though some of the later cases continue to pay lip service to the theories and the cases that espoused them.
Some of those exceptions still exist in specific provisions of the statute, while others have been, in our opinion, completely eliminated. We take this opportunity to attempt to state what we believe to be the correct posture of the law today regarding exceptions to the current "nonclaim"[1] statute, section 733.702, enacted in substantially its present form in 1974 and 1975.
We begin by noting that while the supreme court in Hodges v. Logan concluded that these "trust" exceptions had not been eliminated by the 1945 and 1947 amendments (Hodges 82 So.2d at 888), the 1974 amendments are much more explicit and far-reaching and seem to have been enacted to explicitly address the Hodges case.
The Hodges court found its conclusions "greatly strengthened" by Mr. Redfearn's comment in his work on Wills and Administrations of Estates in Florida (2d Edition) at 496, that under section 733.19, Florida Statutes (1945), claims to specific property, real or personal, were excluded from the requirements of the nonclaim statute. That particular exemption, however, was eliminated by the 1974 amendments to the Probate Code. Former section 733.19 now exists as section 733.706, but does not exempt claims to specific property as did section 733.19.
Since the elimination of that exception, the express provision of section 733.702(1)(a) that "no claim for personal property in the possession of the personal representative ... [shall be] binding ... unless presented ... [w]ithin 3 months ... of the first publication of the notice of administration... ." takes on new significance. It seems now that the clearly expressed legislative intent is to bar all claims that arose before the death of the decedent that are not filed as required by section 733.702[2]. The most significant new language of section 733.702 added by the 1974 and 1975 amendments is probably "that arose before the death of the decedent."
This court first considered that new language in In Re Estate of Kulow, 439 So.2d 280 (Fla. 2d DCA 1983). While the opinion in Estate of Kulow does not expressly hold that the new wording applies to all of the following provisions of 733.702(1)(a) (with the obvious exception of claims for burial or funeral expenses), we believe the result reached and the reasoning used supports that position. We, therefore, conclude that the "trust exception" or "equitable title to specifically identifiable property" exception to the requirements of the nonclaim statute, as those exceptions pertain to recovery of property from an estate, have effectively been limited to those situations where the decedent clearly held the property on behalf of the actual owner either by way of an express trust or some other clearly defined means. In other words, if a decedent asserted beneficial ownership of the property before his death, a claim to the property would be barred unless filed according to section 733.702. The reason being that the dispute as to ownership, creating the cause of action, arose before the decedent's death because the decedent, prior to his death, adversely claimed the property as his own. If, however, the decedent was merely in possession of the property but made no such assertion of ownership prior to his or her death, the assertion of ownership being made by the personal representative or heirs for the first time after the decedent's death would not require the filing of a claim. § 733.702.
We believe our conclusion as to legislative interest is further supported by the language of section 733.702(2) which states:

*1301 No cause of action heretofore or hereafter accruing, including, but not limited to, an action founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom the claim may be made, whether an action is pending at the death of the person or not, unless the claim is filed in the manner provided in this part and within the time limited.
We, therefore, affirm the summary judgment entered below which held that appellant's claim was barred.
SCHEB, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Our supreme court in Barnett Bank of Palm Beach County v. Estate of Leon Henry Read, Jr., Deceased, 493 So.2d 447 (Fla. 1986), held the statute to be a statute of limitation rather than a jurisdictional statute of nonclaim.
[2] There are still a few specific exceptions set out in section 733.702(3) and 733.706, but those exceptions are clearly stated.