CAMPBELL, Judge.
Elizabeth T. Velzy, the divorced spouse of decedent, appeals the trial court order that struck her claim against decedent’s estate as untimely and denied her motion for an extension of time to refile. We affirm.
This appeal is a companion to the appeal styled Elizabeth T. Velzy v. The Estate of Ashley Rodman Miller and George W Greer, as Personal Representative of the Estate of Ashley Rodman Miller, 502 So. 2d 1297 (Fla. 2d DCA 1987). These opinions are being issued simultaneously and should be considered together.
The facts as established in the record of the two appeals is less enlightening than might be desirable, but sufficient for us to affirm the trial court in both appeals.
Appellant and decedent, Ashley Rodman Miller, were formerly husband and wife. We do not know when they were married. We do know that decedent obtained a dissolution of marriage in Pinellas County on June 20, 1979. Appellant was not served with personal service of process and became aware of the final judgment of dissolution of marriage when she received a copy of the judgment in 1980. The final judgment of dissolution of marriage is not a part of the record before us. The record discloses no personal history of the parties, such as ages, number of marriages, status at the time of their marriage, number of children and so forth. The record reveals that since the dissolution of marriage, appellant has used the names of Elizabeth T. Velzy and Elizabeth Kramer. The record indicates that the parties had a prenuptial agreement, but it also is not a part of the record.
Appellant claimed that she had a fifty percent interest in a 1973 46-foot Matthews boat that she and decedent held as tenants in common. Decedent had acquired title to the vessel in his name alone from the original owner on December 8, 1976. Since then, the boat had been titled either through United States Coast Guard records in Florida or through State of Florida Boat Title Certification. On February 2, 1978, decedent transferred title to the boat to himself and appellant as tenants by the entireties. Prior to the final judgment of dissolution of marriage, decedent had the boat removed from Coast Guard documentation on March 23, 1979, and titled again in his name alone by means of a State of Florida Boat Title Certificate. The record does disclose that on November 24, 1980, the Coast Guard issued a receipt to appellant for payment on an abstract of title prepared on the boat. The boat was named by its original owner as “Wood Fat,” subsequently renamed by the decedent as the “Lady Lizabeth” and then renamed the “Loring B” after Coast Guard documentation was terminated in favor of a State of Florida title. While the final judgment of dissolution of the marriage of appellant and decedent is not before us, it is undisputed that the final judgment is silent as to the boat.
Notice of administration of decedent’s estate was first published by the personal representative on September 7, 1984. The inventory that specifically described the 46-foot Matthews boat and estimated its value at $100,000 was filed on November 6, 1984. Subsequent pleadings show that the estate had a buyer for the boat at a price of $70,000. Appellant’s claim to a fifty percent interest in the boat was filed on January 16, 1985. Section 733.702, Florida Statutes (1983), requires all claims or demands against a decedent’s estate that arose before the death of the decedent to be filed within three months from the publication of notice of administration.
In Barnett Bank of Palm Beach County v. Estate of Leon Henry Read, Jr., Deceased, 493 So.2d 447 (Fla.1986), our supreme court construed section 733.702 as a *1297 statute of limitations rather than a jurisdictional statute of nonclaim. In so construing the statute, the supreme court held that an estate must affirmatively attack an untimely claim by motion to strike or other proper objection. The supreme court, citing Picchione v. Asti, 354 So.2d 954 (Fla. 3d DCA 1978), further held that a creditor wishing to raise the defense of estoppel or fraud to such a motion to strike must file a reply pursuant to Florida Rule of Civil Procedure 1.100. The personal representative of the appellee estate in this case did file such an objection to the claim and a motion to strike the claim. The motion to strike was based upon failure to timely comply with section 733.702.
Appellant’s response to the motion to strike was based solely on her allegation that she had filed a separate action for partition of the boat and that the claim under section 733.702 was a formality and not in fact a creditor’s claim. Nothing in appellant’s response raises the issue of es-toppel. See Picchione. Appellant subsequently, however, filed a motion to extend the time for filing her claim. In that motion, she raised various issues which might have supported an allegation of estoppel except for the fact that all of the factual issues raised in her motion are clearly and without dispute refuted by the record. For instance, she pleads ignorance of the whereabouts of decedent but the record shows she had a copy of the Pinellas County final judgment of dissolution in 1980. Decedent later died domiciled in Pinellas County. Appellant alleges she had no knowledge of the whereabouts of the boat but the record shows her receipt in 1980 from the Coast Guard of a complete abstract of title pertaining to the boat reflecting that it was titled in Florida. While she alleges that she did not know the estate was to be probated, she does not deny the publication of notice, nor has she ever alleged, below or here, that she did not have knowledge of the probate of decedent’s estate in time to timely file her claim. Therefore, we conclude that the motion to strike appellant’s claim below was properly granted as being untimely filed. We further conclude that appellant has neither adequately pled estoppel nor offered facts which are not clearly and unequivocally refuted by the record to sustain an estoppel if properly pled.
Affirmed.
SCHEB, A.C.J., and SCHOONOVER, J., concur.