## IN RE: ESTATE OF GOLD

### Case No. 85-3605 CP

Fifteenth Judicial Circuit, Palm Beach County, Florida

February 8, 1988

**APPEARANCES OF COUNSEL**

**Lawrence M. Shoot** for petitioner.

**James G. Pressly, Jr., Gunster, Yoakley, Criser & Stewart, P.A.,** for respondent.

**Sidney A. Stubbs, Jr.** for Howard J. Falcon.

**OPINION OF THE COURT**

VAUGHN J. RUDNICK, Circuit Judge.

## ORDER GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

In this adversary proceeding Carolyn G. Heilbrun, the Personal Representative, through her attorney, moved the court to enter summary judgment against Petitioner, Bernis Gold. The issues presented to the court for resolution are:

1. Whether the claim of Bernis Gold is barred pursuant to the provisions of F.S 733.702(1),

2. Was the Bernis Gold an interested person within the meaning of the Florida Probate Code, 731, et seq.

Florida Statute 733.702(1), in pertinent part, provides as follows:

". . . No claim for personal property in the possession of the personal representative . . . is binding on the estate, on the personal representative, or on any beneficiary unless presented: Within three months from the time of the first publication of notice of administration. . . ."

An interested person is defined in Florida Statute 732.201(21):

" 'Interest person' means any person who may reasonably be expected to be affected by the outcome of the particular proceedings involved. In any proceedings affecting the estate or the rights of a beneficiary in the estate, the personal representative of the estate shall be deemed to be an interested person. *The term does not include an heir at law or a devisee who has received his distribution.* The meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purpose of, and matter involved in, any proceedings." (emphasis supplied)

The undisputed facts reflect Archibald Gold died October 15, 1985. Petition for administration was filed October 21, 1985 and listed as beneficiaries of this estate are Carolyn Gold Heilbrun, daughter of the decedent who was ultimately appointed personal representative and received letters of administration on October 22, 1985, Bernis Gold, wife, and other beneficiaries not relevant to the proceedings under consideration.

The Petitioner, Bernis Gold, did timely file claims against the estate which were satisfied by the personal representative without objection. At no time did Bernis Gold file a claim in the estate within timely limitations seeking the ownership and possession of the bearer bonds which are the subject matter of this adversary proceeding.

In her amended adversary petition Bernis Gold alleges she exercised

122

sole and absolute dominion and control over the contents of the safety deposit box upon her husband's demise. During her bereavement and shock over his death, she delivered the bearer bonds to the attorney representing the personal representative, misunderstanding that as a result the estate could maintain a claim of ownership over these bearer bonds. She now claims ownership of those bonds in the following paragraphs in her amended adversary petition:

Count I, Paragraph 4—"That petitioner became the owner of the aforereferenced bearer bonds as set forth in the Count III of this complaint and, in addition, by an outright gift of gift causa mortis, as per affidavit attached to the original adversary complaint and marked 'Petitioner's Exhibit 1' and incorporated herein."

Count II, Paragraph 15—"Petitioner and decedent owned the bearer bonds by the entireties, and petitioner became vested with the absolute ownership of the bearer bonds upon the demise of the decedent."

Count III, Paragraph 22—"That upon the demise of the decedent, all of the bearer bonds set forth herein were situated in petitioner's safe deposit box and were presumptively owned by your petitioner, Bernis Gold. . . ."

A close review of the amended adversary petition reflects a total absence of any allegations whatsoever establishing or attempting to establish a constructive or resulting trust, or that the decedent held legal title to the bonds in question in trust for, and on behalf of, petitioner.

Obviously, the pleadings raise a question of fact as to whether or not an intervivos gift was effectuated by the decedent to the petitioner, but the existence of such question of fact, giving all benefit to the petitioner upon a motion for summary judgment, does not proscribe the entry of such an order for the reasons set forth below:

F. S. 733.702(1) was preceded by F.S. 733.16 and 733.19, which had been judicially interpreted to create the " 'Trust Exception', or 'Equitable Title to Specifically Identifiable Properly Exception' to the requirements of the nonclaim statute. Those exceptions pertaining to recovery of property from an estate, have effectively been limited to those situations where the decedent clearly held the properly on behalf of the actual owner, either by way of an expressed trust or some other clearly defined means." See *Velzy v. Estate of Miller,* 502 So.2d 1297 (Fla. 2d DCA 1987).

It must be emphasized that the amended petition for adversary

123

proceedings fails to set forth any allegations in support of pursuing the "trust exception" theory obviating the necessity of filing a claim against the estate within timely statutory limitations. See *Hodges v. Logan,* 82 So.2d 885 (Fla. 1955); *Fisher v. Creamer,* 332 So.2d 50 (Fla. 3d DCA 1976); *Grossman v. Selewacz,* 417 So.2d 728 (Fla. 4th DCA 1982); *In re: Estate of George Patterson,* 433 So.2d 1358 (Fla. 4th DCA 1983).

Having failed to allege ultimate facts creating a question of law whether the "trust exception" applies, the alleging the bearer bonds were the subject matter of a gift by the decedent to petitioner prior to death, and these bonds were in possession of the personal representative of the estate during its administration and listed within its inventory, it became absolutely necessary for the petitioner, as a matter of law, to timely file her claim to the bonds in the estate or be forever barred; failing the filing of the claim, the respondent is, as a matter of law, entitled to summary judgment as to that claim.

By not having timely filed a claim against the estate seeking the bearer bonds in issue, the petitioner was not an "interested person" who could reasonably be expected to be affected by the outcome of the particular proceedings involved; i.e., the filing of the petition for final discharge. It is thereupon,

ADJUDGED:

1. Petitioner, Bernis Gold, is barred by the Florida Nonclaim Statute 733.702(1), from further pursuing her claim against the estate seeking the bearer bonds as alleged in her amended adversary petition. Judgment is entered against her on those claims. Respondent, Carolyn Gold Heilbrun, shall go hence without day.

2. Petitioner, Bernis Gold, based on the allegations in her amended adversary complaint and the law set forth in this order, is not an interested person as defined by the Florida Probate Code and thus, was not a necessary party to the closing of the estate.

3. This court's order dated October 8, 1987, entered by The Honorable Edward Rodgers, Circuit Court Judge, setting aside order of discharge and reopening the estate for the purpose of additional proceedings therein, is not addressed by the present order as the court is advised that order is the subject of appellate proceedings and its disposition lies within the jurisdiction of the appellate court.

4. The court reserves jurisdiction in this cause for hearing on costs, upon proper motion and notice.

ORDERED February 8th, 1988, at West Palm Beach, Palm Beach County, Florida.